Vianna and others *against* Barclay and Barclay.

Case, by the plaintiffs, merchants in *Portugal*, against the defendants, commission merchants in *New-York*, for selling a quantity of port wine, consigned by the former to the latter, at a less price than directed, tried at the *New-York* sittings, *November 4th*, 1821.

At the trial, the consignment and delivery of the wine were proved; and the only dispute was, whether the defendants had acted fraudulently or negligently, or had violated the plaintiffs' instructions, by selling below the price to which they were limited; or, if they had done the latter, whether the plaintiffs had not waived the instructions which they gave, limiting the price, by certain acts of recognition subsequent to the sale. These questions depended on a voluminous mass of evidence, including a tedious correspondence between the parties, the whole of which was spread upon the case, and very fully examined by the learned counsel who argued the cause, the only difference between whom related to the result of the evidence. This result, and all the evidence material to a report, being given in the opinion of the Court, I omit a statement of the case here. Verdict for the plaintiff, for $1500, subject to the opinion of the Court.

*A. L. M'Donald*, for the plaintiff.

*J. Duer*, contra.

*D. B. Ogden*, in reply.

Curia, per Woodworth, J. From a review of the testimony, it appears, very satisfactorily, that the defendants used reasonable diligence to make sale of the wine to the best advantage. I have not discovered any ground for the his dissent in a reasonable time; otherwise, his assent to his factor's acts will be presumed.

Letters of instruction from a merchant to his consignee and factor, not expressly mentioning a price below which goods consigned for sale shall not be sold, but merely communicating a belief that the excellent quality of the goods will command a certain price, and expressing it as the sum confidently expected to be realized on a sale, will not be construed as fixing the minimum price at which the goods shall be sold; and a sale for a less sum by the factor, in good faith, and without negligence, will not be deemed a breach of instructions, nor render the factor liable in damages Though a factor disregard his instructions, the principal, after advice of this fact, ought to dissent, and give notice of

UTICA,
Aug. 1824.

Vianna
v.
Barclay.

imputation of fraud, while acting as agents and factors of the plaintiffs; and if the defendants are liable, it must be on the ground of a departure from instructions given, as to the terms of sale. This is a question of fact, the decision of which must depend upon the construction of the correspondence between the parties. There is nothing explicit on this point. The letter of *June* 18, 1816, accompanying the consignment of the wine, says, " its price is £52 per pipe," expressing a hope that it may be readily sold. being of superior quality. The defendants, in reply, stated that the market was overstocked ; that saving sales could not then be effected ; and that the plaintiffs might be assured of their best exertions, *when it could be without a sacrifice.*

I incline to think the plaintiffs did not intend, by the instructions, to fix the minimum price at £52. The expressions seem rather to have proceeded from a belief that the excellent quality of the wine would command that sum ; and, therefore, instead of directing generally, to sell for the best price that could be obtained, they specify the sum confidently expected to be realized, probably to prevent precipitancy in the disposition of the property, and induce greater exertions, if, unfortunately, they had consigned to an unfavourable market. The fact that the instructions are somewhat ambiguous, supports this construction ; for if an express limitation was in view, at the time, it is reasonable to expect it would have been explicitly given. What was the state of the market was unknown. If unfavourable, it must have occurred to the plaintiffs, how are the defendants to act ? Such a state of things would seem to call for explicit directions as to the minimum price. The. omission, I apprehend, was not accidental ; the plaintiffs intending not to interfere with the sound discretion of their agents.

The answer of the defendants appears to be in accordance with this construction. " They would close the sales when it could be done without a sacrifice." Such was, undoubtedly, their intention, as faithful agents, anxious not to disappoint the expectations of their principal. Had they considered themselves expressly restricted, it is more probable they would have suggested the improbability of effecting a sale,

on the terms required. and the propriety of vesting in them a discretion to act as circumstances might require. The market was such as to warrant this course. But admitting that the words of the letter will bear a stricter construction, or that the defendants. at the time, may have supposed they were limited ; this is not conclusive upon them. If, on further reflection and inquiry, they found that the plaintiffs' instructions would justify the course they pursued, they were at liberty to act upon them. The question is not whether the defendants, in the first instance, considered themselves limited, but. were they so by the plaintiffs' instructions ?

The plaintiffs, in their letter of *February* 3, 1818, to *S. Weaver*, drew for the net proceeds of the wine, which had been remitted to *London*. They express surprize that it brought so small a price, and suspect fraud on the part of the sellers. Violation of orders is not intimated ; when it might be expected. if reliance for redress was placed on this ground. The remedy was, in such case, perfect. It cannot be credited, that if the plaintiffs considered the consignment limited to £52 per pipe, they would have resorted to the question of fraud, instead of pursuing the plain path before them.

On the 2d *June*, 1818, the plaintiffs write to the defendants, acknowledging the receipt of the net proceeds. There is no complaint or intimation of dissatisfaction, but a proposition for a joint speculation in corn, which the defendants declined. On the 24th *November*, 1818, the plaintiffs wrote to the defendants, expressing. for the first time, dissatisfaction, and claiming to hold the defendants responsible. This notice to the defendants was nearly a year after the plaintiffs had received the net proceeds. If the defendants had disregarded their instructions, the plaintiffs, after advice, ought to have dissented, and given notice in a reasonable time ; otherwise, their assent to their agents' acts will be presumed. (12 *John*. 300.) After the letter of the 2d *November*, 1818, the defendants had reason to conclude that the authority of the plaintiffs to sell was not questioned. I do not, however, place my opinion on the ground of acquiescence, being satisfied, from an attentive examination of the testimony, that

UTICÁ,
Aug. 1824.

Archibald
v.
Thomos،

the defendants were not restricted as to price, and that the manner of effecting the sale was not, under the circumstances, objectionable. The defendants are entitled to judgment،

Judgment for the defendants.