RICHMOND, The (WRITER v.). See Case No. 18,104.

RICHMOND, The DEAN. See Case No. 3,713.

RICHMOND CONSOLIDATED MIN. CO. (EUREKA CONSOLIDATED MIN. CO. v.). See Cases Nos. 4,548 and 4,549.

RICHMOND, FREDERICKSBURG & POTOMAC R. R. CO. (SAYLES v.). See Case No. 12,424.

## Case No. 11,802.

### RICHMOND MANUF'G CO. v. STARKS et al.

[4 Mason, 296.] [1]

Circuit Court, D. Rhode Island. Nov. Term. 1826.

FACTOR— SALE BELOW AUTHORIZED PRICE — RATIFICATION.

Where a factor was authorized to sell goods at a limited price; and he afterwards sold them below that price, and sent an account to his principal, of the sales and prices, and authorized him to draw for the balance of the account; and the principal received the account, and drew for the balance, and made no objections in his letters, or otherwise, to the conduct of the factor in the sales; it was *held* that his conduct amounted to a ratification of the factor's proceedings.

[Cited in The Henry, Case No. 6,372; Norris v. Cook, Id. 10,305.]

[Cited in brief in Derrickson v. Cady, 7 Pa. St. 30; Despatch Line of Packets v. Bellamy Manuf'g Co., 12 N. H. 238; Lee's Adm'r v. Fontaine, 10 Ala. 755; Meyer v. Morgan, 51 Miss. 21; Sunderland v. Kilbourn, 3 D. C. 510. Cited in Wright v. Boynton, 37 N. H. 22.]

Assumpsit against the defendants [Henry Starks and others] as factors of the plaintiffs, for the sale of certain cotton goods. Plea, the general issue. At the trial the facts were, that the plaintiffs had consigned to the defendants, who were merchants at New Orleans, sundry cotton goods for sale, with orders not to sell the same at a price below eighteen cents per yard. The defendants kept the goods on hand a considerable time, being unable to sell them at the limits; and finally, without receiving any other orders, sold the goods at prices below the limits, from thirteen cents per yard and upwards. In January, 1824, the defendants sent a letter to the plaintiffs, informing them of the sales and prices, enclosing also an account current, at the prices sold for, stating the balance in their hands, and authorizing the plaintiffs to draw for it. The letter and enclosures were duly received by the plaintiffs, who wrote a letter in reply. They afterwards drew, at different times, bills for parts of the balance, and finally for the residue. These bills were duly paid. There was no intimation in any of these letters, that the defendants had done wrong; no complaint was made of the sales; and no objection suggested against the account.

The action was brought for the difference between eighteen cents and the prices at which the goods were sold.

Tibbits Whipple, for plaintiffs.

Thomas Burgess, for defendants.

STORY, Circuit Justice. The court are decidedly of opinion, that the plaintiffs are not entitled to recover. The conduct of the plaintiffs amounted to a full ratification of the sales by the defendants. It was their duty, upon receiving the letter and account of

[1] [Reported by William P. Mason, Esq.]

sales, to have expressed their dissatisfaction, within a reasonable time. So far from so doing, they have repeatedly written since, without the slightest complaint, and drawn for the whole balance. This is a complete acquiescence in the acts of the defendants. It amounts to a virtual adoption of the sale. A subsequent confirmation is equivalent to an original authority. If a merchant neglects, after a reasonable time, to object to an account current, he is deemed to acquiesce in it; and it is treated as an account stated. See Tickel v. Short, 2 Ves. Sr. 239; Willis v. Jernegan, 2 Atk. 251. Judgment for the defendant.