## MEYER, WEISS & CO. VS. WILEY MORGAN.

1. PRINCIPAL AND AGENT:   *Ratification of unauthorized acts of agents.*
   The principal must, within a reasonable time, elect to approve or disaffirm
   the unauthorized acts of the agent.   If an agent notifies his principal
   of his acts with respect to property, and the principal does not, within a
   reasonable time, disaffirm the acts, and so inform the agent, the agent
   may well presume that his conduct has been affirmed.   Silence will be
   equivalent to approval.

2. SAME:   *Ratification of acts of agents by conduct.*
   Ratification may be inferred from circumstances.   If a sale has been unau-
   thorized, but the principal sues for the price, that is a ratification.   Ac-
   ceptance of the proceeds of a sale is of equal import as a suit to recover
   them.

3. SAME:   *Case in judgment.*
   M. shipped cotton to M., W. & Co., and instructed them not to sell, but to
   hold for a higher market.   M., W. & Co. sold the cotton on the 2d of
   April, and immediately notified M. of the fact.   After this, several letters
   passed between the parties, but in none of them did M. disapprove of
   the sale, but ordered goods and drew drafts until the entire proceeds
   were consumed.   On the 29th of July, M., through his attorney, for the
   first time disapproved of the sale:   *Held*, that M. was entitled to no
   more time than was needful to examine the tendency of the cotton mar-
   ket, and to determine whether he would approve the sale or disaffirm it;
   but failing to give notice within a reasonable time to the factors of his

disaffirmance of the sale, and accepting the proceeds thereof, he has waived all objections which he might have made if promptly interposed, and ratified and adopted the sale.

ERROR to the Circuit Court of *Wilkinson* County.

Hon J. M. SMILEY, Judge.

All the important facts in this case will be found in the opinion of the court.

It is assigned for error that the court refused to grant a new trial.

*L. K. Barber*, for plaintiff in error.

*Noland & Van Eaton*, for defendant in error.

[Reporters find no briefs on file.]

SIMRALL, J., delivered the opinion of the court.

Morgan claims damages from Meyer, Weiss & Co., for the sale of his cotton on a low market, when they were under instructions to hold for an advance, which advance took place shortly after the sale. Such is the cause of action counted upon.

Meyer, Weiss & Co. were cotton factors and commission merchants in New Orleans, to whom Morgan, from time to time, made consignments of cotton for sale. It seems to be agreed by both parties, when the first shipment of seven bales was made, Morgan gave instructions that the cotton should be held until it could be sold for 18 cents per pound net. Other consignments were made until February, 1874, when the whole crop, amounting to seventy bales, had been received by the factors. In that month Morgan called upon his merchants at their place of business in New Orleans, and had an interview with them, or one of them, about his cotton. None of it at that time had been sold. There is an irreconcilable conflict in the testimony, as to what then occurred, especially as to the instructions given by Morgan, with respect to the sale of the cotton.

The correspondence attached to the deposition of Victor Weiss, a member of the firm, shows that in their opinion cotton would not advance during the season to the estimate and limit put upon

it by Morgan.   Nevertheless, they were willing to hold it, if he desired, and held it until April.   Victor Weiss states that when Morgan was in New Orleans, he showed him the samples of his cotton, and expressed the opinion that the market would advance to the limit which Morgan had put on the cotton, and thereupon Morgan revoked his instruction, and left it to the discretion of their firm as to the sale.

Morgan, in his testimony on the trial, said that the agreement then made was, that his factors should withhold the cotton from market until ordered by him to be sold; that he was of opinion that the price would rise in May; but that the defendants sold the cotton early in April, without his instructions; that in May the price went up; and that by a comparison of the value of cotton in April and May, he had lost by the sale about five hundred dollars, as would appear by a statement on file among the papers. On the day of the sale in April, or the day following, Meyer, Weiss & Co., by letter, notified Morgan of the sale and the price. Morgan admits that he received the letter.   After this the correspondence was continued; but in none of his letters did Morgan express dissatisfaction, until the 29th day of July, when Major Van Eaton, the attorney for Morgan, by letter, notified them that Morgan claimed compensation for his loss, and desired a speedy adjustment.   The explanation offered by Morgan was that he preferred not to agitate that subject until he had withdrawn his funds from their hands.

The case is brought up for a review of the decision of the circuit court refusing to grant a new trial.

For the defendants, the court instructed the jury in effect: " That if Meyer, Weiss & Co. informed Morgan of the sale of the cotton, and he did not, within a reasonable time, express his dissent, it may be presumed that he gave his assent thereto."   And secondly, " that if the agent disobeys instructions, on notice of it, the principal must, in a reasonable time, notify the agent of his disapproval, and if he does not, it amounts to an approval."

For the plaintiff, the court repeated the principle contained in

the foregoing instructions, as applicable to the sale of property by an agent contrary to instructions, and added in effect that " what is a reasonable time must in every case be governed by circumstances. Longer time in giving notice of dissent might be reasonable time in some cases, and not in others."

The jury must have disregarded the testimony altogether of Victor Weiss, and accepted that of Morgan. For if the defendants were left to their discretion in making the sale, there is no liability upon them at all, for it is shown they got the full market value at the time of the sale, and all that can be said of them, is, that they were in error of judgment as to the future of the market. The jury must have found that the defendants agreed with Morgan not to sell until he instructed them, and that in violation of that agreement, they made a sale to Morgan's prejudice. The debatable ground is narrowed to this : Has Morgan done anything, or omitted to do anything, whereby he is precluded from objecting to the sale, or which may be construed into a ratification of it? Morgan was promptly informed of the agent's act. What was incumbent on him to do, is to be gathered from his relations with Meyer, Weiss & Co., the habits of business, and the usages of trade. The course of business between the factor and his correspondents, implies prompt responses to business letters. If the factor advises his correspondent of his acts with respect to his property, and he does not in a reasonable time disaffirm, and so notify the agent, the latter may well presume that his conduct has been approved. So large a part of the commerce of the world is done through agents of one sort or another, that it is necessary that this principle shall prevail. Hence it has been incorporated into all the systems of jurisprudence. Story on Agency, § 258. The principal must disaffirm. Silence will be equivalent to approval.

But ratification may be inferred from other circumstances. Where the sale has been unauthorized, but the principal sues for the price — that is a ratification. Smith *v.* Hodson, 4 T. R., 211 ; Peters *v.* Ballistier, 3 Pick., 495.

If the sale is contrary to instructions, as for a price below the limits, and the principal, on receipt of the account sales, should make no objections, but should draw for the balance, it would be a ratification. Richmond Man. Co. v. Starks, 4 Mason, 296. It was held in Woodward v. Suydam & Blydenburg, 11 Ohio, 363, that the receipt of advices and drawing for the proceeds, is a ratification. The general doctrine is so laid down by Story on Agency. In Cairnes & Lord v. Bleeker, 12 Johns., 304, the information was given the 18th July, and the plaintiffs expressed no dissent until the 29th of the following October, it was held to have come too late. See also Bredin v. Dubarry, 14 Sergeant & Rawle, 30.

Applying the doctrines of these authorities to the plaintiff's case, as made in his own testimony — and it is clear that he has waived the objections which he might have made if promptly interposed — and that by his acceptance from the defendants of the entire balance, he has adopted the sale and is bound by it. The voluntary acceptance of the proceeds is of equal import as a suit to recover them ; either are acts of affirmance. In order to have obviated that effect, Morgan ought to have left open his right of action for disobedience of instructions when he accepted his money, as was done in Boyce, Henry & Co. v. Smith, Dudley L. & E. Rep. (S. C.), 249. But, as said in that case, unless the right is left open, the receipt of the money ratifies the sale.

The principal, within a reasonable time, must elect to approve or disapprove the unauthorized act of the agent, of which he has been informed. He cannot remain silent and await the vicissitudes of a fluctuating market, and if the price rises, disaffirm and claim the difference; or if it declines, acquiesce in the sale. If the factor is under orders to hold for a better market, the principal takes the risk of a decline. He cannot, where his instructions have been disobeyed, receive the money and silently wait and watch the market, and if the price advances claim the difference.

When an act must be done in a "reasonable time," the law

intends that the party shall have ample time to obtain information, consider the subject, and make up his mind. The nature of the business is an important element in the calculation. If no objection be made to an account current, after time enough to inquire into and consider it, it becomes an account stated. In Postmaster General *v.* Norvell, Gilpin, 122, the question runs whether the Postmaster General had accepted and approved the bond of one Bache, after stating that the proof need not be positive, but that the fact might be inferred from circumstances, the court say that the retention of the bond, from the 15th of July to the 25th of September, without objection to its sufficiency, would authorize the conclusion that he was satisfied with it and accepted it. See also, Bacon et al. *v.* Ventress, 32 Miss., 166, 167.

Morgan was entitled to no more time than was needful to examine the tendency of the cotton market, and to bring his mind to the conclusion whether he had better accept the price for which his factors had sold, or take the chances of a rise. We do not hesitate to say that he could not keep that subject open for nearly three months and then repudiate the sale.

The affirmative acts of ratification are: 1. That on the 2d April, 1874, Meyer, Weiss & Co. advised Morgan of the sale, expressing the opinion that they thought best then to sell, and hoped it would prove satisfactory. After this, several letters passed between the parties, in none of which did Morgan complain of the sale. 2. From time to time he sent orders for goods and drew drafts until the entire proceeds of his cotton were withdrawn. This, as we have seen, is the equivalent of positive ratification.

The verdict is against the testimony.

Judgment reversed and a venire *facias de novo* awarded.