THE MINNESOTA LINSEED OIL COMPANY v. MONTAGUE & SMITH.

1. **Practice in Supreme Court:** STARE DECISIS: INSTANCE. When this court has once definitely passed upon a question in a case, the ruling will not be reconsidered upon a second appeal, unless there have been such changes in the issues, or other circumstances of the case, as to raise a new question as to the applicability of the former ruling to the case as thus made. See opinion for illustration.

2. **Principal and Agent:** AMBIGUOUS INSTRUCTIONS: INTERPRETATION. Where a principal gives to his agent instructions which are susceptible of two meanings, that meaning which the agent in good faith attaches to them and acts upon is to be adopted; and if loss occurs thereby, the principal and not the agent must bear it; and it matters not whether the principal had reason to believe, or not, that the agent so understood the instructions.

3. ———: REPORT OF AGENT: RATIFICATION BY SILENCE. Where an agent for disbursing funds makes a report to his principal, showing his disbursements, and accompanied with a draft for the balance in his hands, the principal must within a reasonable time (a question for the jury) examine the report, and make known to the agent any objections which he may desire to make thereto. Failing so to do within a reasonable time, his silence will be treated as a ratification of the agent's disbursements.

·4. **Instructions:** REPETITION NOT REQUIRED. It is no error for the court to refuse to give a proper instruction asked, when it gives the substance of it in another instruction on its own motion.

*Appeal from Franklin District Court.*

FRIDAY, OCTOBER 24.

PLAINTIFF brought this suit to recover a sum of money which it claims to have deposited with defendants, to be paid out only on tickets issued by one Valentine, an agent of plaintiff, in the purchase of flaxseed, but which defendants, without authority, paid to said Valentine in payment of certain commissions. Defendants admit that the money was deposited with them, and that they paid it to Valentine for the purpose alleged by plaintiff, but deny that such payment was unauthorized, and allege that it was subsequently ratified by plaintiff. There was a verdict and judgment for plaintiff, and defendants appeal. The cause has heretofore been in this court. See 59 Iowa, 448.

*Richard Wilber*, for appellants.

*Blythe & Markley*, for appellee.

REED, J.—I. It is alleged in the petition that the money was deposited with defendants upon a parol contract that it was to be paid out by them only on checks or tickets issued by Valentine, on the purchase of flaxseed. On the trial plaintiff·offered in evidence certain letters written by its treasurer to defendants, covering remittances, and which, as plaintiff claims, contained certain specifications as to the manner in which the money remitted should be applied. Defendants objected to the introduction of these letters, on the ground that, as plaintiff had alleged that the contract under which the money was deposited with them was in parol, this written evidence was immaterial and irrelevant, and that it was not shown that the person who

*1. PRACTICE in supreme court: stare decisis: instance.*

wrote them had any authority from plaintiff to give directions as to the manner in which said money should be disbursed. The objections were overruled, and the letters were read in evidence. We held, on the former appeal, that these letters were admissible. There has been no change in the issues since this ruling was made. The question of the admissibility of the evidence arises on the second trial precisely as it did on the first. When we have once definitely passed on a question in a case, our practice is to reconsider our ruling thereon in that case only on a rehearing, unless there have been such changes of the issues, or other circumstances of the case, as raise a new question as to the applicability of the former ruling to the case as thus made. *Adams Co. v. Burlington & M. R. R. Co.*, 55 Iowa, 94. Our former ruling on this question must therefore be regarded as final, so far as this case is concerned.

II. The original arrangement under which the money was deposited with defendants was made with them by one Harkness, as agent for plaintiff. There was a conflict in the evidence as to the directions given by Harkness at this time as to the manner in which the money should be disbursed. Harkness testified that he directed defendants to pay out money only on tickets issued by Valentine, which should show actual purchases by him of flaxseed; while defendants both testified that the direction was that the money should be paid out generally in the business of purchasing flaxseed for plaintiff, in which Valentine was engaged, and that Harkness informed them at that time that Valentine was to be paid a commission of six cents per bushel on all the seed purchased by him. The evidence shows without conflict that Valentine was entitled, under his arrangement with plaintiff, to receive as commissions on the purchases made by him the amount of money paid him by defendants. The defendants asked the court to give the following instruction, which was refused: "If the language used by plaintiff's agent in employing

2. PRINCIPAL
and agent:
ambiguous
instructions:
interpreta-
tion.

defendants, as plaintiff's disbursing agents, to pay off checks made by Valentine, and instructing them as to their duties as such disbursing agents, was fairly capable of two constructions or understandings, or was ambiguous in its meaning, the plaintiff is bound by the understanding which his language fairly and reasonably conveyed to defendants, provided defendants acted in good faith in carrying out such understanding thus fairly and reasonably conveyed to them by the language of plaintiff's agent." Defendants assign the refusal to give this instruction as error. The court on its own motion instructed the jury that, "if the language used by plaintiff's general agent in making the arrangement with defendants was ambiguous, or fairly admitted of more than one construction, that meaning is to be given in which they were understood by defendants, provided plaintiff's said general agent had reason to believe they were so understood by defendants." Omitting the qualification expressed in the last clause, this instruction presents the rule which is embodied in the instruction asked. With the qualification, however, it presents a very different rule. Under the instruction as given, defendants would be liable if they adopted and acted on a construction of the instructions of which they were fairly capable, but which was different from what was actually intended by the agent, and he did not know that they had adopted such wrong construction. This, it seems to us, would be to make the innocent party suffer for the wrong or negligence of another. If the instructions were "ambiguous, or fairly admitted of more than one construction," this was the fault or negligence of the party who gave them, and that party ought in justice to bear the consequence of such negligence, rather than the one who was deceived and misled by it. We think, therefore, that the instruction should have been given without the qualification. *Vianna v. Barclay*, 3 Cow., 281.

III. After Valentine had ceased to purchase flaxseed for plaintiff, and after defendants had paid for all that he had

3. ——: re-
port of agent:
ratification
by silence.
purchased, and had also paid him the money in question in this case, they sent plaintiff a written statement of their account, showing the amounts received and disbursed by them, together with a draft for the amount which was due plaintiff according to the statement, and the checks or tickets on which the disbursements had been made. The amount in controversy had been paid Valentine on tickets which showed on their face that the payments were made on account of his commissions. These tickets were sent by defendants with the statement and the other vouchers. Plaintiff's book-keeper received these papers and the remittances in due course of mail, and wrote defendants, acknowledging the receipt thereof; and no question was made as to the payment to Valentine of his commissions for about four months from the time the remittance and vouchers were received by plaintiff. The book-keeper testified that when he received the statement of account and vouchers he placed them in a safe, where they remained, without being examined or compared, for four months. They were then examined by Harkness, the agent who made the arrangement originally with defendants, and, when it was discovered that the payments had been made to Valentine, this suit was instituted.

The defendants requested the court to give the following instruction: "If the defendants were employed by the plaintiff to disburse plaintiff's money under plaintiff's instructions, and afterwards, when the business was supposed to be closed, the defendants wrote a letter and sent a full statement to plaintiff of their doings as such disbursing agents, it was plaintiff's duty, as defendants' principal, to examine said report in reasonable time, and, if it disapproved of defendants' acts, to answer the letter, or otherwise notify defendants, expressing its dissent; and, if plaintiff failed to do so in a reasonable time after receiving their report, plaintiff will be deemed to approve the acts of defendants as its agents, and silence would amount to a ratification of the acts so reported." The

4 INSTRUC-
TIONS: repe-
tition not
required.
court refused to give this instruction; but, as the same doctrine is fairly expressed in one of the instructions given by the court on its own motion, defendants have no ground of exception because of such refusal. But the court, in addition to the instruction just referred to, gave the following: "Before a principal is bound by the unauthorized act of an agent, it must appear that a full knowledge of the act done by the agent has come to the principal, and that the principal has either expressly, or by unreasonable delay in making objections thereto, ratified the same. If the objection was not made in a reasonable time after knowledge of the act, the act is thereby ratified. What constitutes reasonable time in such cases depends upon the nature and character of the matter to which the time relates, and the circumstances attendant upon or surrounding the persons and transactions involved, the ordinary course of business between the parties, and the customs of trade and business to which the matter to be ratified relates. A reasonable time is such as an ordinarily reasonable and prudent person, under the same or similar circumstances, would deem it necessary and proper to act in; and a failure to so act in such reasona- time is unreasonable delay. The jury must determine, if they find that the payments in controversy were not, prior thereto, authorized by plaintiff, whether such payments were brought to plaintiff's knowledge afterwards, and, if so, whether they were objected to by plaintiff, with notice thereof to defendants, within a reasonable time after knowing of the payments." The giving of this is assigned as error.

In the former instruction, the jury are told in effect that, if plaintiff failed to object to the payments to Valentine within a reasonable time after the statement and vouchers were sent to it by defendants and received by it, its delay in this respect should be treated as a ratification of the pay- ments, and would defeat a recovery; while the doctrine of the latter instruction is that such silence would not amount to a ratification of the payments, unless it had full knowledge at

the time that they had been made. These propositions are inconsistent. Plaintiff did not have full knowledge that the payments had been made until the statements of account and vouchers were examined and compared by Harkness, which was four months after it received them. And we think that, while the latter instruction may be correct as an abstract proposition, it requires some qualification to make it applicable to the facts of this case. When plaintiff received the statement of account and vouchers, it knew, of course, to what they related. It was entitled to a reasonable time after their receipt within which to examine and compare them. But, if it neglected to do this within a reasonable time, its neglect in this respect ought to be treated as amounting to a ratification of what had been done. When defendants sent the statement of account, they had the right to expect that it would receive attention within a reasonable time, and that what they had done would be disapproved, if at all, within such time. What would be a reasonable time is, of course, a question of fact for the jury, as we held on the former appeal. But if plaintiff neglected to examine and compare the account and disapprove these payments within a reasonable time, it ought not to be heard to say that it was not fully informed as to the facts, and that its silence for that reason should not be treated as amounting to a ratification of said payments. Story Ag., § 258. *Bell v. Cunningham*, 3 Pet., 69; *Cairnes v. Bleecker*, 12 Johns., 300; *Vianna v. Barclay*, 3 Cow., 281.

For the errors pointed out the judgment of the district court is reversed, and the cause will be remanded for a new trial.

REVERSED.