DARLING v. ALBERT et al.

*(Common Pleas of New York City and County, General Term.   January 4, 1892.)*

FACTORS AND BROKERS—SALE OF GOODS—RIGHT TO COMMISSIONS.

In an action, by a solicitor of orders, to recover commissions, defendants set up a counter-claim for damages. caused by plaintiff taking certain orders without informing the purchasers that the goods were sold "subject to change in the tariff." Defendants had accepted the orders, writing such condition thereon, to which the purchasers objected, and offered to return the goods, but defendants allowed the sales to stand.  *Held*, that as the orders were not binding contracts, and defendants had the right to reject them, and had not done so, their counter-claim was properly rejected.

Appeal from first district court.

Action by James Darling against Henry C. Albert and others.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Curie, Smith & Mackie*, for appellants.   *Samuel D. Peck*, for respondent.

BOOKSTAVER, J.   Plaintiff sued for his commission on certain sales made by him for defendants.   His claim was admitted, and defendant set up a counter-claim alleging that the plaintiff was instructed to take all orders "subject to changes in the tariff," and, because he did not do this in all cases, claimed damages to an amount exceeding the cause of action of plaintiff. Defendants, in proof of their counter-claim, offered in evidence a copy of an import order of Neuhausel Bros., and another of W. H. Burtell & Co., which plaintiff took for them, and transmitted to them.   Plaintiff claims that, when these orders were taken, he stated to the persons to whom the goods were to be sent that they would be sold "subject to the change in the tariff," and that he immediately sent the orders to the defendants, and instructed them that the sales were made subject to tariff changes.   Notwithstanding this, the defendants accepted said orders, containing a list of the items, terms, etc., and wrote at the bottom of the acceptance the following: "Subject to change of tariff."   To this clause the purchasers objected, and defendants replied that it was put there in order to prevent misunderstanding in cases where import orders had to be filled, and that, not hearing from the purchasers at once, the defendants had concluded that everything was satisfactory, and claimed that, if they had any objection to make to the clause inserted, it should have been made at the time of receiving the bill with the goods.   Thereupon the purchasers immediately offered to return the goods.

In our opinion, the orders transmitted by the plaintiff to the defendants were not contracts binding on them.   They were signed by nobody, and were simply memoranda of the qualities and prices.   It was within defendants' power, had they chosen, to have refused to fill all the orders altogether, or to have modified the terms.   If they did not insert the provision in question, they were as much at fault as the plaintiff; if they did insert the clause, as they claim, and would only sell upon those terms, then it is clear from the testimony the purchasers offered to return the goods to them, and cancel the order.   If, in their opinion, it was better to sell the goods notwithstanding the purchaser declined to pay the increased duties, it was a matter for them to determine, and with this determination the plaintiff had nothing whatever to do.   We therefore think that the justice was right in refusing to allow the defendants' counter-claim, and that the judgment should be affirmed, with costs.