# Comer & Co. v. Way & Edmundson.

*Action of Assumpsit on Account Stated.*

1. *Code* 1886 § 2773 *does not apply to suit on an account stated.* Code 1886 § 2773 refers to open accounts and has no application to a suit on an account stated.

2. *Defective plea, not demurred or replied to, if sustained by proof entitles defendant to general charge thereon.*—If a plea is bad when tested by demurrer, or if its defects might have been avoided by replication setting up other facts to that end, but if, without this, issue is taken thereon, and the facts as thus set up are substantially proved, the defendant not having waived his right to a replication, the general charge for defendant may on his request be given on such plea, and judgment rendered thereon in his favor.

3. *Where trial is had on issue not raised by pleadings, the failure to file appropriate plea will, on appeal, be held to have been waived.*—Where a case is tried as though upon an issue on which it is not triable on the pleadings, as set out, the appellate court, on review, will treat the case as though the proper issue had been made up, such as the course

[Comer & Co. v. Way & Edmundson.]

of trial indicates was proper to have been made, and that a failure to interpose the proper plea was waived.

4. *Same; case at bar.*—When, in an action by an agent against his principal, involving a sale by the agent for the principal, the plea of the principal alleges that the agent's action was unauthorized, and the case is tried, without replication by the agent setting up a ratification of his act, on the theory of a ratification, the principal will be held to have waived such replication.

5. *Liability of factor for reshipping and selling principals goods at different place from that agreed on.*—Where a factor reships goods consigned to him by his principal, without the latters advice, and they are sold for less than they might have been sold for, at the place of shipment, where, in the contemplation of the parties they were designed to be sold, he will be liable for the difference in the price for which they were sold and the market value of the goods at the place of shipment.

6. *Lien of factor.*—A factor has a general lien upon goods consigned to him and the proceeds of their sale for advances and commissions consequent upon their reception, safekeeping and sale.

7. *Evidence of market value.*—On the issue as to the market value of an article at a certain place, evidence as to its market value at a distant point is inadmissable, where it is clear that the article had a market value at the place in question.

8. *Charge as to "reasonable time."*—The time within which an act is to be performed, when no time is specified, is within a reasonable time, which is often a mixed question of law and fact, but when the facts as to time are not in conflict it is a question for the court, and a charge submitting it to the jury is erroneous.

9. *Ratification by principal of factors unauthorized sale.*—Where a factor reships goods consigned to him by his principal, without the latters advice, and the goods are sold for less than they would have brought at the place of shipment, where they were designed to have been sold, and repeated letters and accounts of sale are sent to, and received by, the principal showing where the goods had been sold, and that the net proceeds had been placed to his credit leaving a balance due the agent, the failure of the principal for four months thereafter to object, or to refuse payment of such balance, as matter of law, constitutes a ratification of the factor's act.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellant, H. M. Comer & Co., against the appellants, Way & Edmundson. The complaint contained two counts. In the first count the plaintiffs claim of the defendant, $946.55, due by account stated on December 5, 1895, "which said account is verified by affidavit." In the second count, the

[Comer & Co. v. Way & Edmundson.]

plaintiffs claim the same amount as due for money paid by the plaintiffs for the defendant. The account sued on was verified by affidavit, and the plaintiffs at the time of bringing their suit, indorsed on the summons and complaint that the account was so verified.

The defendants filed the following pleas: "1. The general issue, in short by consent. 2. That defendants, residing and doing business in Eufaula, Alabama, on or about December 1, 1892, shipped to plaintiffs, who were commission merchants and factors in Savannah, Georgia, two hundred bales of long staple cotton, and on or about the said time, the plaintiffs advanced to the defendants nine and one-half cents per pound upon the same, and afterwards, to-wit: On or about the 10th day of April, 1893, plaintiffs, contrary to the instructions of defendants, and without their knowledge or consent, shipped said two hundred bales of cotton to Liverpool, England, and failed and refused for a long space of time thereafter, to-wit, eight months, to inform defendants of such shipment, or to render any account of their acts in regard to the same, and defendants aver that by so doing, plaintiffs abandoned their right to claim or demand from defendants, personally, any amount, and elected to look to said cotton and their lien thereon, alone, for any advances made or liabilities incurred upon the same, and therefore they cannot maintain this suit. 3. That defendants residing and doing business in Eufaula, Alabama, on or about December 1, 1892, shipped to plaintiffs, commission merchants and factors in Savannah, Georgia, to be there sold, two hundred bales of long staple cotton, and on or about said time, plaintiffs made an advance to defendants upon the same; that afterwards, to-wit, about the 10th day of April, 1893, plaintiffs, contrary to the instructions of defendants, and without their knowledge or consent, shipped said cotton to Liverpool, England, that at the time of said shipment, said cotton was worth in Savannah, Georgia, an amount greater than the sum advanced by plaintiffs to defendants, as aforesaid, and enough to cover the expenses incurred by plaintiffs upon the same, and defendants aver that by reason of said wrongful act, plaintiffs can not recover in this case. 4. That at the time plaintiffs brought this suit, they were indebted to defendants

in the sum of three thousand dollars for damages arising out of the same transaction, upon which this suit was brought, and defendants hereby offer to recoup the same against the demands of the plaintiffs, and they claim judgment for the same." Issue was joined upon these pleas; there being no replications filed.

Upon the trial of the case, as is shown by the bill of exceptions, the plaintiff offered in evidence the itemized statement of the account between themselves and the defendant, verified by affidavit. The defendant objected to the introduction of this verified account, which objection the court sustained, and refused to allow the same to be introduced in evidence, and to this ruling the plaintiffs duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiffs requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1) "If the jury are reasonably satisfied from the evidence in the case, that said two hundred bales of cotton could not be sold at a fair price in Savannah, Georgia, and that H. M. Comer & Co., exercising a reasonable discretion in the matter of said cotton shipped the same to Liverpool, and that said cotton was sold in Liverpool at $1\frac{1}{4}$ to $1\frac{1}{2}$ cents a pound, more than it was worth at the time it was so shipped, and that said Way & Edmundson were notified fully of all the acts and doings in the sale of said cotton, and received full account sales of same, and made no objections thereto within a reasonable time after receiving full information, then Way & Edmundson would be held in law to have ratified said sale, and would be bound by the sale." (2) "If the jury are reasonably satisfied from the evidence in this case, that on December 5, 1893, H. M. Comer & Co. furnished Way & Edmundson the account sales of the two hundred bales of cotton, and that said account sales showed that said two hundred bales of cotton had been sold in Liverpool, and that the net proceeds of same had been placed to the credit of Way & Edmundson, and that said Way & Edmundson made no objection to said sale of said cotton, and made no objection to the way in which the net proceeds of said cotton had been applied until several months thereafter, then the said action of

said Way & Edmundson was a ratification of the acts of said H. M. Comer & Co., in the sale of said cotton, and a ratification of the acts of said H. M. Comer & Co., in placing net proceeds of same to their credit." (3) "If the jury are reasonably satisfied from the evidence that on December 5, 1893, H. M. Comer & Co. fully informed Way & Edmundson of all the facts connected with the sale of said two hundred bales cotton in Liverpool, and furnished them with a full account sales of said cotton, showing when and where, and at what price said cotton was sold, and that the proceeds of said sale had been credited to said Way & Edmundson, and that said Way & Edmundson retained said account sales for several months, and made no objection to the same, nor to the way said cotton was disposed of, then in law this was a ratification of said sale by said Way & Edmundson, and they are bound by the said sale."

There were verdict and judgment for the defendant. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

G. L. COMER for the appellants.—Section 2773 of the Code was strictly complied with by plaintiffs when their suit was commenced, and the verified account offered in evidence by them was competent and legal evidence, and the court erred in excluding it. Said section makes no distinction between open and stated accounts. *Gainer & Co. v. Pollak & Co.*, 96 Ala., 554; *Lunsford v. Butler*, 15 So. Reporter, 239. The court erred in allowing defendants to prove what the value of the two hundred bales of cotton was in Fall River, Mass., at the time it was shipped to Liverpool. The law required that plaintiffs should sell said cotton in Savannah, Ga., unless they were instructed to do otherwise by defendants, and if defendants were entitled in this case to prove the value of said cotton, to fix any liability on the plaintiffs in any event, the price and value of said cotton should have been fixed by its price and value in Savannah, Ga., and not by its price and value in Fall River, Mass.—*Philips v. Scott*, 43 Mo., 86; *Kauffman v. Beasley*, 54 Texas, 563; *Wallace v. Bradshaw*, 6 Dana (Ky.), 382; *Phy v. Clark* 35 Ill., 377.

[Comer & Co. v. Way & Edmundson.]

The court erred in refusing to give each and all of the charges as requested by the plaintiffs.

Plaintiffs acted in good faith in the matter of the sale of the cotton; and after defendants had refused to send the margin as requested by the plaintiffs they had the right, in the exercise of their best judgment and in good faith, to dispose of said cotton whenever and wherever they could do so to the best advantage of all parties in interest in the usual course of business or trade.— *Mooner v. Mussey*, 45 Ind. 115; *Brown v. McGraw*, 14 Pet. (U. S.) 479; *Davis v. Kabe*, 30 N. Western Reporter, (Minn.) 662. But if plaintiffs had no legal right to ship said cotton to Liverpool, yet defendants have ratified their acts and doings in respect to said shipment.

An unauthorized sale by a factor may be ratified by the principal either expressly or impliedly, and the ratification of an unauthorized act has the same effect as if the authority to do it had preceded the act and existed when it was done.—*Meyer v. Morgan*, 51 Miss., 21; *Peters v. Ballistur*, 3 Pick. (Mass.) 495; *Curtis v. Gibney*, 59 Md., 131; *Cairus v. Bleecker*, 12 John. (N. Y.) 304; *Reynolds v. Douthard, et al.*, 11 Ala. 531; *Marlowe & Wife v. Benagh*, 52 Ala. 113; *Law v. Cross*, 1 Black (U. S.) 533; *Raymond et al. v. Palmer*, 41 La. Ann. 425; *Ward v. Warfield*, 3 La. Ann., 468.

The plaintiffs say that the defendants, by their acts and doings in the premises, ratified what plaintiffs did in respect to said cotton and made said account between plaintiffs and defendants a stated account which they cannot impeach.—*Langdon et al. v. Roane's Admr.*, 6. Ala. 518; *Ryan v. Gross*, 48 Ala. 370; *Burns v. Campbell*, 71 Ala. 271; *Joseph, Gaboury & Co., v. Southwork, Foundry & Mch'y Co.*, 99 Ala. 47; *Field v. Farrington.*, 10 Wal. 141.

A. H. MERRILL and S. H. DENT, JR., for the appellees.

The exclusion of the verified account was proper. There was no count upon an open account and the verified statement was not proof that the account was stated.— *Loventhal v. Morris*, 15 Sou. Rep., 672. There was no error of which appellants can complain in the admission of testimony as to the value of cotton at Fall River, Mass. The Court knows judicially that cotton has a value over the entire country; that it is fixed at a cen-

tral point and its value at other points is determined by
taking its price at such points and deducting the ex-
penses of transportation. Besides appellant's testimony
showed that there was no market for this cotton at Sa-
vannah at a fair price and its value at Fall River with
evidence of the freight rate between those points would
be its value at Savannah.—*Walker v. State*, 89 Ala., 74;
1 Sutherland on Damages, pp. 795–8; 2 Rice on Ev.,
1307. The charges asked by appellants and refused
were all erroneous in assuming that proof of a stated
account was conclusive of the right of recovery. It is only
*prima facie* proof. *Sloan v. Guice*, 77 Ala. 394; *Langdon
v. Roane*, 6 Ala. 518; *Burns v. Campbell*, 71 Ala. 271–286
Proof of the delivery of an account and its acceptance
without objection amounts as between the parties to
prima facie evidence of its correctness, but is not evi-
dence of a ratification. The account rendered by ap-
pellants to Appellees contained the account of the party
in Liverpool to whom the cotton was consigned by ap-
pellants—with such party appellees had no connection
whatsoever, and were not informed of the consignment
to such party except by said account. The receipt of
such an account did not call upon appellees to dispute it.

The charges asked by appellants invade the province
of the jury for the reason that different inferences may
be fairly drawn from the fact that appellees received
the account without objection and the question of rati-
fication was therefore a question of fact for the jury.

The second plea of appellees presented a good defense.
*Martin v. Pope & Son*, 6 Ala., 532. The third plea of
appellees was a good defense.—3 Amer. & Eng. Encyc.
of Law, 326; *Grieff v. Cowguill*, 2 Disn. (Ohio.) 58, But
independent of the sufficiency of the 2nd plea of appel-
lee issue was joined upon it and the proof without con-
tradiction sustained it. This entitled the appellees to
the affirmative charge. So that whatever errors may
have been committed during the progress of the trial,
they were all without injury and the judgment should
be affirmed.—*Kearney v. Kling*, 95 Ala. 230; *Jones v.
Hagler*, 95 Ala. 529; *Dundee v. Nixon*, 95 Ala. 318; *Reeves
v. Skipper*, 94 Ala. 407; *M. & C. R. R. Co. v. Graham*,
94 Ala. 545; *Hughes v. So. Warehouse Co.*, 94 Ala. 613;
*E. T., V. & G. R. R. Co. v. Thompson*, 94 Ala. 637;

*Lewis v. Simon*, 101 Ala., 546; *Ga. Pac. R. Co. v. Propst*, 90 Ala. 1; *Steele v. Knowles*, 97 Ala. 573.

HARALSON, J.—1.  The account referred to in section 2773 of the Code, which may be verified by affidavit of a competent witness, taken in the manner and subject to the conditions therein prescribed, is, we apprehend, an open and not a stated account.  The fact that the verified account, should contain a statement of its items, would so indicate; and besides, to maintain an action on an account stated, the plaintiff must prove the fact of its statement; it must be proved as laid to authorize a recovery,—that and nothing else will support his allegation in the complaint.  If the plaintiff make that proof, he is entitled to judgment, otherwise not.  As has been said, "an account stated is an account balanced, and rendered, with an assent to the balance, express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance." *Lowenthal v. Morris*, 103 Ala. 336; *Bass v. Bass*, 8 Pick. 187.  The affidavit authorized by the statute seems, therefore, to be inapplicable to a suit on an account stated, and there was no error in the ruling of the court so holding.—*McCemant v. Batsell*, 59 Tex. 363.

The defendant filed four pleas, upon which the plaintiff took issue, without special replication to either.  If either of these pleas was bad when tested on demurrer, or if its defects might have been avoided by special replication, setting up other facts to that end, still, if without this, issue was taken on a defective or imperfect plea instead of forcing an issue, in the manner indicated, on the real and meritorious facts, and the facts as set up in the plea were substantially proved,—the defendants having done or suffered nothing to waive their right to a replication, the plaintiff was entitled to a judgment thereon, and the general charge if requested, might have been given on the plea.  But, another well recognized principle must not be overlooked,—that when a case is tried, as though upon an issue on which it is not triable, on the pleadings as set out, this court on review will treat the case as though the proper issue had been made up, such as the course of trial indicates was proper to have been made, and that a failure to interpose the proper plea, was waived,—as where there is no plea by

[Comer & Co. v. Way & Edmundson.]

defendant of contributory negligence, on the part of plaintiff in an action for alleged injuries to him by the defendant, and the parties proceed without such plea to trial of the case on the issue of contributory negligence as though pleaded, the fact that such a plea was not interposed will be deemed to have been waived.—*R. & D. R. R. v. Farmer*, 97 Ala. 141; *Kansas City R. Co. v. Burton*, Ib. 240; *Andrews v. B. M. R. Co.* 99 Ala. 438; *Payne v. Crawford*, 102 Ala. 387. In the case before us, there was no replication to the second plea, setting up a ratification by defendants of the shipment and sale by plaintiffs of their cotton in Liverpool, in the manner stated in said second plea, without their knowledge and consent; but the case was tried and evidence of ratification of such shipment and sale was received without objection by defendants, as though a proper replication to the plea, setting up such ratification had been interposed. We must, therefore, treat the defendants as having waived the replication of ratification, and that they tried the cause as though such replication had been properly interposed.

2. The proof tends to show, that the 200 bales of long staple cotton belonged to the defendants; that they bought and shipped it in December 1892, and January 1893, from Eufaula, Ala., where they lived, paying the freights on it, to the plaintiffs in Savannah, Georgia, for sale on account: that plaintiffs advanced to defendants $9\frac{1}{2}$ cents per pound on the cotton at the time of that shipment; that during the months of January, February, and March 1893, they informed defendants, at different times, that the market for such cotton was limited and spasmodic, and that there was no market at that time for said cotton in Savannah at a premium, and advised defendants to have said cotton shipped to Liverpool, England, for sale, but that defendants would not consent thereto, and objected to such shipment, and instructed them not to ship it; that complainants then requested from defendants, for their own protection, a margin of $1,000, on the cotton, with which request defendants refused to comply; that said cotton was consigned, nevertheless, by plaintiffs to Liverpool, about the 10th of April, 1893, without the knowledge of defendants, and there sold, in the months of May, June, July and August of that year, on account of defendants;

that on the 6th of December, 1893, plaintiffs sent to defendants a statement of their account, with an account sales of the 200 bales of cotton, showing the balance $946.55 here sued for and requesting a remittance of the same, to which defendants made no reply, although the letter and account as stated was received the next day, Dec. 6, 1893. On December 19th 1893, the plaintiffs again wrote to defendants, calling their attention to the fact that on Dec. 5th, they had sent them a statement of the 200 bales of long staple cotton, which they stated in the letter they had shipped for defendants' account to Babcock & Co., Liverpool, and asking if the letter and statement had been received, and requesting a remittance of the balance due as stated due to plaintiffs. This letter was received on the 20th December, 1893, but defendants made no reply thereto. On January 2, 1894, plaintiffs wrote again to defendants, requesting a reply to their letter of the 19th, which letter was received by defendants, the day after it was written, but no reply was made to it. Plaintiffs further proved, that from 5th of December 1893, the date they transmitted their statement of accounts to defendants, showing balance of the amount here sued for, until 1st of April, 1894, after their account had been placed in the hands of their attorney for collection, defendants had made no objection of any kind to the same. When presented by their attorney on April 1, 1894, defendants declined to pay it, and this so far as the evidence shows was the first and only reply they made to plaintiffs after they sent them their statement of Dec. 5, 1893. This proof on the part of the plaintiffs was received without objection, and is without conflict of other evidence.

It was further shown, that defendants had shipped to plaintiffs for sale during the season other large lots of cotton, and there was proof tending to show that the accounts between them, except for this lot of 200 bales had been settled.

The defendants offered evidence to show that said cotton in January 1893, was worth in Falls River, Mass. 11½ cents per pound, to which evidence plaintiffs objected, on the ground of its being illegal and incompetent, but the court admitted it, and the plaintiffs excepted. The defendants offered, in this connection to prove the freight rate from Savannah to Falls River, but

on the objection of plaintiffs, it was not allowed by the court.

This cotton as the evidence tends to show, was shipped by defendants to plaintiffs at Savannah to be there sold. There is no evidence, that it was in the contemplation of the parties, to have it sold elsewhere, and it is shown, that there was always a market for it in Savannah, but not at such a price as the plaintiffs, representing defendants, were willing to take for it. The proof on the part of the defendants is, that it was worth 11 cents per pound, at the time it was shipped from Savannah, and that on the part of plaintiffs, that it was not worth more than $9\frac{1}{2}$ cents per pound, at that time.

The rule as laid down by Sutherland, in his work on damages, on the proof of value, which seems consonant with reason and well supported by authority is, that "Where the question is, what was the value at a particular place, an l there was no ma·ket value there, proof may be given of the market value at other places, with the cost of transportation, or other facts that will enable the jury to deduce the value at the place in question. Evidence of the value at other places than the place in question is inadmissible where the evidence is clear that there is a value at that place." 1 Suth. on Dam. 796; 1 Sedg. on Dam. 586—590 and notes; 3 Am. & Eng. Ency. of Law, 326. And a proper rule as settled is, that where a factor reships goods consigned to him by his principal, without the latter's advice, and they are sold at less than they might have been sold for at the place of shipment, where, in the contemplation of the parties they were designed to be sold, he will be liable for the difference in the price for which they were sold and the market value of the goods at the first port.—*Grieff v. Cowguill*, 2 Disn. (Ohio) 58; 3 Amer. & Eng. Ency. of Law, 326.

It is undeniably true. also, that a factor has a general lien upon goods consigned to him and the proceeds of their sale for advances and commissions consequent upon their reception, safe-keeping and sale.—*Martin v. Pope*, 6 Ala. 532; *Schiffer v. Frazier*, 51 Ala. 335 : 3 Ency. of Law, 333.

Applying these principles, then, to the case in hand, and it seems clear, that proof of the market value at

[Comer & Co. v. Way & Edmundson.]

Falls River, a remote market, when the proof tended to show that there was a market for the cotton at Savannah, equal or nearly so to that at Falls River, was improper to be made. It is also clear, that plaintiffs ought not to have shipped the cotton to Liverpool for sale, contrary to the instructions of their principals, when it might have been sold in Savannah, unless they chose to do so at their own risk assuming the risk of any damage they might thereby do the defendants, by a failure to sell in Savannah.

3. The time within which an act is to be performed, when no time is specified, is within a reasonable time. What this is, is often a mixed question of law and fact. When the facts are not in conflict, it is a question for the court, but if any of the facts bearing on the case are in question, it becomes the duty of the court to submit them to the jury. 2 Parsons on Contracts, 535; The facts as to time in this case are not in dispute. The first charge, notwithstanding, submits the question of reasonable time to the jury. It was a question for the court.

4. The second and the third charges requested by the plaintiffs should have been given. The defendants were notified of the sale of the cotton, and received the account sales of it by letter dated 5th of December 1893, which they received the following day, informing them that the net proceeds had been placed to their credit. They made no objection to the sale, nor to the application of the proceeds to their credit, until after April 1, 1894—the space of about four months. The charges, hypothesizing such a state of facts, requested the instruction that such delay, upon such information, must be treated as a ratification of the Liverpool sale. The evidence shows, that after December 5th, plaintiffs wrote again on December 19, and Jan'y 2, 1894, which letters were received, the first requesting a reply and a remittance, and the other requesting the reply to the one of 19th of December, but to which defendants made no replies, and remained silent, as we have seen, until after April 1, 1894, when the attorney for plaintiffs presented the account to them.

In *Meyer v. Morgan*, 51 Miss., 21 the court says: "The course of business between the factor and his correspondents, implies prompt responses to business

letters. If the factor advises his correspondents of his acts with respect to his property, and he does not in a reasonable time disaffirm and so notify the agent, the latter may well presume that his conduct has been approved. So large a part of the commerce of the world is done through agents of one sort or another, that it is necessary that this principle should prevail. Hence it is incorporated into all the systems of jurisprudence. Story on Agency, § 258. The principle must disaffirm. Silence will be equivalent to approval." The court add, "The principal, within a reasonable time, must elect to approve or disapprove the unauthorized act of the agent of which he has been informed. He cannot remain silent and await the vicissitudes of a fluctuating market, and if the price rises, disaffirm and claim the difference; or, if it declines, acquiesce in the sale."

In *Powell v. Henry*, 27 Ala., 612, it was held, that if an agent exceed his authority, although the principal may ratify the act, yet to avoid it, he is not obliged to give notice that he repudiates it." In *Mobile & M. R. R. Co. v. Joy*, 65 Ala., 116, it was held that this was a too comprehensive statement of the law, and the better doctrine was there expressed, that in cases where the party dealing with an agent is misled or prejudiced by him, or where the usage of trade requires, or fair dealing demands, the principal, if dissatisfied with the act of the agent, and is fully informed of what has been done, must express his dissatisfaction within a reasonable time.—*Burns v. Campbell*, 71 Ala., 273; *Clarke v. Taylor*, 68 Ala., 461; *Central R. R. Co v. Cheatham*, 85 Ala., 300; *Reynolds v. Palmer*, 41 La., 425; *Ward v. Warfield*, 3 La., 648; 1 Am. & Eng. Ency. of Law, 439-40, and authorities cited.

For the errors indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.