Eliza Lunn v. Guthrie & Boyle, A. W. Guthrie and W. H. Boyle, Appellants.

Agency: RATIFICATION BY PRINCIPAL: *Retaining consideration obtained by agent.* Where the property of a principal is sold by an agent on terms not authorized by the principal, but the latter receives and retains the consideration, and does not offer to return the same, she cannot, in the absence of fraud on the part of the agent, recover damages from the agent for his unauthorized act in selling on such terms.

*Measure of damages.* Where an agent, in completing a contract for his principal for the sale of her real estate, secures the agreed compensation, with the exception of taking a different security for deferred payments amounting to $730 and interest, the measure of damages resulting to the principal from the act of the agent is the difference in value between the security contracted for and that recovered, not exceeding $730.

.Principal suing agent:    *Must tender back consideration.* The principal in an action against the agent, for damages caused by such sale, in the absence of an allegation of fraud on the part of the agent, must plead a return of the consideration to the purchaser, or an offer so to do.

.Burden of proof on retention of consideration.    The agent is not charged with the burden of proving that the principal received and retained the consideration.

.Instructions on retention of consideration.    An instruction that it must be shown that the principal accepted and retained the consideration several months, to authorize a recovery by the defendant, is erroneous and misleading, as the instruction requires proof of the retention of the consideration over two months, while its retention for more than a reasonable time is all that is required to show the ratification of the sale.

.Curing error in such charge.    The error in giving such instruction is not cured by giving other instructions that it was the duty of the principal to examine the consideration received within a reasonable time, and to return it if she was unwilling to accept it, and which submit the question of reasonable time to the jury.

.Instructions:  When fact may be assumed by:    *Building and loan mortgage.* Where a building and loan mortgage expressly states that it is for $2,700, but recites that it is given to secure an advance of $1,500, it is not error to instruct that it is for more than $1,500, as it does not merely secure $1,500, but also dues. premiums, etc., and hence a second mortgage on the mortgaged property is not a compliance with a contract to give a second mortgage subject only to a first mortgage for $1,500.

.Appeal from Polk District Court.—Hon. C. P. Holmes, Judge.

Saturday, February 1, 1902.

Plaintiff was the owner of a house and lot in the city of Des Moines. Defendants, as a firm, were engaged in the real estate business in said city. In the fall of the year 1894, plaintiff placed her property in the hands of defendants for sale. On September 28th, through negotiations had by defendants, plaintiff entered into a written contract for the sale of said real estate to M. H. King. By the terms of this contract she was to re-

ceive from King for said property $1,150 in cash, a deed to lots 86 and 87 Washington Heights, Des Moines, and King was to assume the sewer tax then due on plaintiff's property. The matter was left for completion with defendants. Subsequently King conveyed lots 86 and 87 to his son, who mortgaged them to a third party for $540. In November following, plaintiff executed a deed to her property, in pursuance of the contract, to M. H. King, and gave it into possession of defendant Boyle, with the understanding, as claimed by plaintiff, on the part of all concerned, that the sale was to be completed on the following terms: King was to pay $960 in cash, have lots 86 and 87 conveyed to plaintiff subject to the $540 mortgage, and secure plaintiff for $190, being the difference between the cash payment first agreed upon and the amount of $960, and also against the $540 mortgage on lots 86 and 87 by a second mortgage on the property sold by her to King, subject to a $1,500 incumbrance, and also by a first mortgage on a grading outfit owned by King. Notes were to be, and were in fact, given for these sums so secured; one note being for $190, and the other for $540. In January following, the transaction was completed by defendant firm; but instead of plaintiff getting a first mortgage on the grading outfit, and a mortgage on the property she sold, subject to an incumbrance of $1,500, she received a mortgage on lot 101 Washington Heights, of little value; and the mortgage on the property she conveyed was subject to a prior mortgage of $2,700. The cash and papers were delivered to plaintiff on January 7, 1895. She filed the mortgage for record the next day. Within two or three days thereafter she went to California. She did not know the contents of these papers until some four or five months later, when they were sent to her in California. Plaintiff remained in California, and no complaint was made by her until the spring of 1897, and no claim set up against defendants until this suit was brought, which was in the month of September,

1898.   The action is for damages.   The answer avers that plaintiff had full knowledge of all the facts of the transaction, and accepted the mortgage and cash, and still retains the same.   There was a jury trial, resulting in a verdict for plaintiff for $1,000, with interest.   From the entry of judgment thereon, defendants appeal.—*Reversed.*

*Dale & Allen* for appellants.

*John Newburn* and *C. C. Cole* for appellee.

WATERMAN, J.—We cannot undertake to follow counsel for appellants in their discussion of the case.   Their voluminous argument treats the subject in such detail that we should have to extend this opinion to an undue length, were we to take up the propositions discussed, and give attention to the reasons assigned and authorities cited in support of their various positions.   Let us first consider and settle some general rules.

As no fraud is charged, plaintiff has no right of action against defendants, who were her agents, if, as between her and King, she was bound by the contract with him when this action was brought.   In effect, this was the theory adopted by the trial court in its charge.   Now, what were her rights, as against King, when she discovered the consideration was not what she had bargained for?   She could affirm or ratify what her agents had done, or she could rescind.   To rescind the contract, she would have to return or offer to return what she had received under it.   *National Impr. & Construction Co. v. Maiken,* 103 Iowa, 118; *Eadie v. Ashbaugh,* 44 Iowa, 519.   This tender should be made at the place where the property was received.   In such a case the tender must be pleaded, or an offer of return made in the petition, as it is an essential element of plaintiff's case.   *McCorkell v. Karhoff,* 90 Iowa, 545.   There is no allegation in the petition that plaintiff

ever sought to rescind the contract with King. We have, then,. this situation. Plaintiff received and still retains the consideration taken from King. In this action against her agents who made the contract with King, the trial court instructed as follows: "The burden is upon defendant to show by a preponderance of evidence * * * that plaintiff received, accepted, and retained the securities taken in her behalf for several months." We do not think the burden rested where this instruction places it. To make her case against defendants, plaintiff was obliged to prove such facts as would have enabled her to rescind as against King. By failing seasonably to object to their acts, plaintiff would relieve defendants from liability. *Pickett v. Pearsons,* 17 Vt. 470; *Darling v. Albert* (Com. Pl.) 17 N. Y. Supp. 358; *Manufacturing Co. v. Starks,* 4 Mason, 296 (Fed. Cas. No. 11,802); *Menkens v. Watson,* 27 Mo. 163.

The language of the charge which we have now under consideration is open to further criticism. Appellants may justly complain of the term "several months," as here used. While very indefinite, it signifies more than two months; and we are aware of no rule that would require the retention of the consideration by plaintiff for that length of time, in order to amount to a ratification. Retention, with knowledge, for more than a reasonable time, is enough; and it is for the jury to say what time is reasonable. *Minnesota Linseed Oil Co. v. Montague,* 65 Iowa, 67.

True it is that in defining the word "acceptance," in another instruction the court says it was plaintiff's duty to examine the securities she received within a reasonable time, and, if she was not willing to accept them, it was her duty to return or offer to return them. And the jury are told they must determine what is a reasonable time from the evidence. But taking the whole charge together, the jury may well have understood that, while they were to fix what time was reasonable, they must accept any period as

being such, that was within the limit of "several months." In other words, only a lapse of "several months" would exceed a reasonable time.

II. The trial court properly instructed that the mortgage placed by King on the premises received from plaintiff was for more than $1,500, which was the utmost amount, according to plaintiff, that the mortgage given her was to be subject to. The King mortgage expressly stated that it was for the sum of $2,700. It was made to a building and loan association, and recites that it was given for an advance of $1,500. Doubtless the amount of $2,700 includes future interest, dues, and premiums; but this does not make it similar, as appellant claims, to an ordinary mortgage, in which interest to maturity is added to the principal. Something more is added here, viz., dues and premiums. Just what these would amount to at any particular date, we have no means of knowing; but certainly they caused the amount due to exceed $1,500, exclusive of future interest.

III. The undisputed evidence shows that McConnell was not, in the transaction with King, an agent of plaintiff, and the trial court properly so instructed.

IV. A more specific instruction as to the measure of plaintiff's damages, and announcing a different rule, should have been given. According to her claim, she was to receive as security a mortgage on the property she conveyed, subject to a prior mortgage for $1,500 to be made by King, and a first mortgage on the latter's grading outfit. She was given, in fact, a mortgage on the property she conveyed, but it was subject to a prior incumbrance of $2,700; and, instead of getting the grading outfit as security, she was given a mortgage on a lot of little or no value. Plaintiff received what she bargained for, except as relates to the security for the notes of $540 and $190; being a total of $730, with interest. The measure of her

damages would be the difference in value of the security contracted for and that given,—not exceeding, however, $730.

Other than in the particulars mentioned, the record discloses no error.

For the reasons pointed out, the judgment is REVERSED.