[Alabama Great Southern Railroad Co. v. Roach.]

# Alabama Great Southern Railroad Co. v. Roach.

*Action by an Employè against a Railroad Company to Recover Damages for Personal Injuries.*

1. *Negligence; contributory negligence a complete defense.* — The proximate contributory negligence of a plaintiff will defeat a recovery based upon the simple negligence of the defendant.

2. *Action against railroad company; when contributory negligence shown.*—In an action against a railroad company by an employé to recover damages for personal injuries alleged to have been caused by the defendant's negligence, when it is shown that the plaintiff at the time of the injury had been in the defendant's employment as a car inspector for five or six years, that on the evening of the accident there were several cars standing upon one of the tracks in the defendant's yard, that other cars were being continually run in on the various tracks in said yard, that about one and one-half hours after sunset, the plaintiff went under the cars standing upon one of the tracks to inspect them, without giving notice to the yard master, switch foreman or any person, and without putting out any signal as a warning that he was under the cars, and that while so engaged the defendant caused cars to be run in on said track, which struck the cars being inspected by the plaintiff, and caused the injuries complained of, there is shown by these facts that the plaintiff was guilty of such contributory negligence as precludes his recovery.

APPEAL from the Circuit Court of Jefferson. .

Tried before the Hon. JAMES J. BANKS.

The appellee, John Roach, brought this action against the appellant, the Alabama Great Southern Railroad Company, to recover damages for injuries received by the plaintiff while in the employ of the defendant as a car inspector in the yards of the defendant.

The cause was tried on two counts, each of which counts upon the negligence of one Cherry, who was what is known as a switch foreman in the yard of the defendant, and who had charge of the engine and cars which caused the injury. At the time of the accident the plaintiff was under a car inspecting it, without a signal of any kind to protect himself, or without any

one stationed to give warning to other employès that he was under the car.

The defendant pleaded the general issue and special pleas, numbered three and four. These pleas are set out at length in the report of the case on the former appeal (110 Ala. 266) ; and it is unnecessary to set them out here. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the hearing of all the evidence the defendant asked the court to give, among other written charges, the following : "If the jury believe all the evidence, they must find a verdict for the defendant." The court refused to give this charge, and the defendant duly excepted.

There were verdict and judgment for the plaintiff, assessing his damages at $1,750. The defendant appeals, and assigns as error the refusal of the trial court to give the charges requested by it.

SMITH & WEATHERLY, for appellant.—Appellee, at the time of his injury, placed himself in an obviously dangerous position, in a place which was dangerous *per se*, without necessity therefor, and failed while in such position to give due attention to his own safety, and he is not entitled to recover.—*Andrews v. R. R. Co.*, 99 Ala. 438 ; *Davis v. R. R. Co.*, 107 Ala. 626 ; *George v. M. & O. R. R. Co.*, 109 Ala. 245 ; *R. R. Co. v. Stutts*, 105 Ala. 368 ; *R. R. Co. v. Turvaville*, 97 Ala. 122 ; *L. & N. R. R. Co. v. Boland*, 96 Ala. 626 ; *Cunningham v. R. R. Co.*, 17 Fed. Rep. 882 ; *R. R. Co. v. Bivens*, 96 Ala. 626 ; *Pryor v. L. & N. R. R. Co.*, 90 Ala. 32 ; *Warden v. L. & N. R. R. Co.*, 94 Ala. 277 ; *Lynch v. R. R. Co.*, 34 N. E. Rep. 1072 ; *R. R. Co. v. Kitchens*, 83 Georgia 83 ; *Ib.*, 9 S. E. Rep. 827 ; *Renfroe v. R. R. Co.*, 86 Mo. 302 ; *Ib.*, 28 Am. & Eng. R. R. Cases, 553 ; *Whitmore v. R. R. Co.*, 41 Am. & Eng. R. R. Cases, 330 ; *Cypher v. R. R. Co.*, 24 Atlantic Rep. 225 ; *Oleson v. R. R. Co.*, 38 Minn. 412 ; *Spencer v. R. R. Co.*, 130 Ind. 181 ; *A. G. S. R. R. Co. v. Roach*, 110 Ala. 266.

LANE & WHITE, *contra.*, cited *L. & N. R. R. Co. v. Hurt*, 101 Ala. 34 ; *R. & D. R. R. Co. v. Hissong*, 97 Ala. 191 ; *Helton v. Ala. Midland R. R. Co.*, 97 Ala. 275 ;

*Schroeder v. C. & A. R. R. Co.*, 56 Am. & Eng. R. R. Cases, 442; *L. & N. R. R. Co. v. Markee*, 103 Ala. 170; *R. & D. R. R. Co. v. Greenwood*, 99 Ala. 515; Whitaker's Smith on Negligence, pp. 381, 384.

COLEMAN, J.—When the case was here on a former appeal (110 Ala. 266), we had occasion to consider the question, whether pleas numbered 3 and 4, which were pleas of contributory negligence, presented a defense to the action. Our conclusion was, and it was so adjudicated, that the facts averred in the pleas, presented a complete defense to the action. They are set out at length in the former opinion and we will not repeat them here.

At the conclusion of the evidence, the defendant requested the court to give the affirmative charge in favor of the defendant, which request was refused. We are of opinion that the legal evidence sustains every material averment of fact set up in the plea, without conflict. Much stress in one argument of appellee's counsel is laid upon the fact that defendant was guilty of negligence in not providing a look-out on the car that was being run upon the track which collided with the cars, one of which caused the injury to the plaintiff. The mere failure to provide a look-out constituted only simple negligence, which would have entitled the plaintiff to recover in the absence of negligence of the plaintiff which proximately contributed to his injury. We may go further and say, that if the defendant had provided a look-out, and the look-out had seen the cars on the track, and had failed to give the signal to the engineer, or the switch foreman; or if the signal had been given by a look-out and had been negligently disregarded, the said engineer, or switch foreman, not being chargeable with notice of the dangerous position of plaintiff, or that he was probably at the time in such dangerous place, the defendant would not have been chargeable with more than simple negligence, and these conditions and facts would not have relieved the plaintiff from the consequences of his own neglect. The rule is well settled upon sound principles of law, that the proximate contributory negligence of a plaintiff, will defeat a recovery based upon the simple negligence of the defendant. The only conflict we find in the evidence is

[Alabama Great Southern Railroad Co. v. Roach.]

not of fact, but one of conclusion of the plaintiff. The facts are, as shown by the witnesses for plaintiff, including plaintiff himself, that there were six or seven gondola cars on side track 3 in defendant's yard; that plaintiff was in the employment of defendant as car inspector, and had been for five or six years; that it was about a quarter before 7 o'clock p. m. on the 5th of November, one hour and a half after sunset, and becoming dark, as the proof shows and the court judicially knows; that cars were being continually run in on the tracks of the defendant at all times during the day and night, to await inspection and to remain until further needed; "that a great many cars came in during the day," and that he went under the cars at one end to inspect them, without giving any notice to the yardmaster, or the switch foreman, or any person, that he was going to inspect the cars, and without putting out any lamps, or signals or guard, as a warning that he was at work under the cars; and while so engaged, the defendant caused an engine with a car in front of it to be run in on the track which struck the gondola cars at the opposite end from where he was inspecting, and caused the injury. These are the undisputed facts, and were properly pleaded. If these facts do not show contributory negligence as matter of law, the rule had better be abolished. True, the plaintiff *alone* testifies, that in his opinion, it was not dangerous to inspect cars in this way—an opinion founded solely, it seems, on the fact, that he had been in the habit of taking such risks and hitherto had escaped injury. Reason, common sense, the law, and all the other witnesses arrived at a very different conclusion. The conclusion of the plaintiff was not a legal fact in the case, and does not raise a conflict in the evidence. The defendant was entitled to the affirmative charge on the evidence.

Reversed and remanded.