# Wilson *v.* The State.

*Prosecution for Assault with Knife.*

1. *Warrant of arrest.*—A warrant of arrest issued by a justice of the peace, directed to "any lawful officer of the State," is in proper form (Crim. Code, §§ 4259, 4397); and if made returnable to the "Pike County Criminal Court," instead of the "Criminal Court of Pike county," the variance is immaterial.

2. *Defects in warrant of arrest*, in matters of form, are not sufficient to quash the complaint, or affidavit on which the prosecution is founded.

3. *Assault with knife.*—A conviction may be had for an assault with a knife (Code, § 3747), on proof that the defendant, during an altercation with the prosecutor, advanced on him with a drawn knife, but was stopped by a bystander, and did not get nearer to him than "five or six feet," nor attempt to cut him.

FROM the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

The defendant in this case was prosecuted for an "assault with a knife on the person of R. L. Ellis." The prosecution was commenced before a justice of the peace, by an affidavit made by said Ellis; and the justice thereupon issued a warrant of arrest, directed to "any lawful officer of the

State," and returnable to the "Pike County Criminal Court." On the trial, the defendant moved to quash the warrant, "on the ground that it was not in proper form;" and he excepted to the overruling of this motion. Said Ellis, the only witness examined on the part of the prosecution, testified that the defendant, during an altercation between them about a small account, "drew his knife, and advanced to within two steps of witness with the knife open and drawn, but was caught by one Ramsey, who stepped between them, and told him to stop or he would get into trouble; and that defendact got to within about two steps of him." Ramsey and two other witnesses, who were present at the time, testified to the same facts in substance, and stated that the defendant got to "within about five or six feet," or "about seven feet;" and Ramsey further testified, that defendant "made no attempt to strike Ellis." On this evidence, the defendant asked the court to charge the jury, "If they believe the evidence, they should acquit the defendant;" and he excepted to the refusal of this charge.

D. A. BAKER, for the appellant, cited 1 Amer. & Eng. Encyc. Law, 789, 791; State v. Blackwell, 9 Ala. 79; Lawson v. State, 30 Ala. 14; Johnson v. State, 35 Ala. 363; Tarver v. State, 43 Ala. 334; Gray v. State, 63 Ala. 66.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The plaintiff was tried and convicted of an assault with a knife. The prosecution began by complaint made before a justice of the peace, returnable to the "Pike County Criminal Court of said county to answer said charge." The warrant for the arrest was directed by the justice of the peace, "To any lawful officer of the State." It is insisted that the warrant should have been directed to any lawful officer of the State of Alabama. The warrant follows the form given in the Code. See section 4259 of the Code, also, section 4397. This objection, if the warrant had been defective in the matter complained of, would not be a ground for quashing the complaint, which is sufficient. It could be argued with equal force that an indictment in regular form should be quashed because the capias, under which the indicted party was arrested, was defective.

The next objection has even less merit, to-wit, that the warrant was not made returnable to "the Criminal Court of Pike county." It was made returnable to the "Pike County Criminal Court of said county." We are unable to discover the merit, if any exists in this objection.

The next exception is to the refusal of the court to charge the jury, "That if the jury believe the evidence, they should acquit the defendant." There was legal evidence before the jury which, if believed, clearly showed the defendant's guilt. The charge was properly refused.

Affirmed.