# Andrews *v.* Birmingham Mineral Railroad Co.

*Action to recover Damages for Personal Injuries.*

1. *Plea of contributory negligence may be waived.*—In an action to recover for personal injuries, where the transcript shows that only the plea of the general issue was filed, but evidence of contributory negligence was introduced, without objection. it will be presumed that the filing of a special plea of contributory negligence was waived by the plaintiff; and the appellate court will review the proceedings of the trial court as if such defense had been specially pleaded.

[Andrews v. Birmingham Mineral R. R. Co.]

2. *Evidence of custom and practice; when inadmissible.*—Custom and practice can not justify the doing of an act which is negligent *per se;* and the evidence of such a custom and practice is inadmissible.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellant against the appellee corporation; and sought to recover damages for personal injuries, alleged to have been received by reason of the defendant's negligence in not keeping its road-way in proper repair. Judgment for defendant. Plaintiff appeals; and assigns as error the rulings upon the evidence, and giving of the general affirmative charge for the defendant.

WADE & VAUGHAN, for appellant, cited *Union Railway Co. v. Alexander*, 93 Ala. 133 ; 9 So. Rep. 526; *Railroad Co. v. Orr*, 94 Ala. 602 ; 8 So. Rep. 864; *Daniels v. Hardwick*, 88 Ala. 558.

HEWITT, WALKER & PORTER, *contra*, cited *Railroad Co. v. Schaufler*, 75 Ala. 136; *Thompson v. Railroad Co.*, 26 N. E. Rep. 1070; *Dandie v. Railroad Co.*, 7 So. Rep. 792.

HEAD, J.—Appellant was a brakeman in the service of appellee. As the locomotive drawing one of appellee's trains approached a switch on the main line in the company's North Birmingham yard, he was standing on the foot braces on the pilot of the locomotive, which were twelve or fifteen inches long and were intended for brakemen to stand on when switching. It was ten o'clock at night. When about forty feet from the switch appellant says he saw it was thrown wrong for the train, and was ready to jump, when the engineer called, "Andrews, look out for that switch." He then jumped on the track in front of the engine and took three steps towards the switch, when his leg went into a hole in the road-bed and he fell. The engine was moving at the rate of from three to five miles per hour and slowing up when he jumped off. By reason of the fall, he was overtaken by the engine, run over and injured. The hole into which he fell, averaged at least three feet deep for the distance of eleven cross-ties, and looked, appellant testified, like a trestle had been there. Appellant had never seen the hole before and did not know it was there until he fell into it. He examined it afterwards. The testimony also tended to show that where he jumped off, and thence in the direction of the switch, the track was on an embankment which sloped off on the right side; that on the right there were two other

tracks about six feet apart, and the embankment, on which was the main track, outside of rails of track was covered with hunks of slag and cinder, some of which weighed probably 150 or 200 pounds. On the left of the track it was narrow, being about two feet wide and nearly perpendicular. Switch was on the left side. The road-bed, between the rails, where appellant undertook to go in advance of the engine, was apparently level. There was no light there, except the head-light of the engine and appellant's lamp which he had with him. It was appellant's duty to attend to switches for that train on the occasion in question. There was other evidence tending to show negligence on the part of the defendant company, in respect to the existence of the hole in the road-way.

The cause of action relied on is the defective condition of the roadway, in that the hole in which appellant fell was negligently permitted to be and remain therein. The defense relied on is contributory negligence. That defense was not specially pleaded, but the parties, without objection, actually tried the case upon that issue, which brings it within the rule announced by this court in *Farmer's Case*, 97 Ala. 141. The filing of the special plea was thus waived by the appellant. The special act, on the part of appellant, insisted on by the defendant as constituting contributory negligence, was the act of jumping off on the track in front of the moving engine and undertaking to go upon the track to the switch. As pertinent to the inquiry, whether such conduct on his part was negligence or not, he offered to prove by his own testimony that it was the custom and practice on defendant's road and on well regulated railroads for brakemen, when doing switch work in the yard limits, to stand and ride on the pilot of the engine and to leave the pilot to do switching before the engine came to a full stop; and to show it was the custom and practice of engineers on defendant's railroad and well regulated railroads not to bring their engines to a full stop for brakemen to leave the pilot when doing switch work. The court sustained an objection to the introduction of this testimony, and appellant excepted.

In *Warden v. L. & N. R. R. Co.*, 94 Ala. 277, we used this language: "The fact that one is in the habit of doing an obviously dangerous thing does not make his act any the less a dangerous one. The fact that many or all of a limited class of persons customarily ride upon the pilot of an engine does not alter the characteristic of obvious peril which the law imputes to that position. It is a negligence *per se* for persons to walk on the track of railroads; doubtless many

[Jones v. Weakley.]

persons are in the habit of using the track in this way. Yet it has never been supposed, and it can not be the law, that such custom would convert the track which the law declares to be *per se* a dangerous place, into a safe place. . . . . Custom and usage may be relied on to excuse the violation of a rule, when the act involved is not negligent itself, but only by relation to the rule violated; and so, when an act may be done in two or more ways, a resort to neither of which involves such obvious peril as raises the legal presumption or conclusion of negligence in the doing of it, a custom or usage to do it in a particular way may be looked to, as tending to show that it was not negligence to resort to that method in the instance under consideration. But custom can in no case impart the qualities of due care and prudence to an act which involves obvious peril, which is voluntarily and unnecessarily done, and which the law itself declares to be negligent." A number of authorities are there cited in support of what was said.

In *K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240, the law in reference to the admissibility of custom and usage of railroads, as affecting the question of negligence, is also fully . stated, to which we refer without quoting.

Under the evidence in this cause, we are of opinion that the plaintiff's conduct in attempting to go to the switch on the track in front of the moving engine, under the circumstances detailed by himself, involved obvious peril of his safety, and was *per se* negligence, which, under the principles declared in *Warden v. L. & N. R. R. Co.* and *K. C., M. & B. R. R. Co. v. Burton, supra*, could not have been relieved by proof of the custom which he offered to introduce. It follows that, conceding the existence of such a custom, the defendant was entitled to the general affirmative charge which the court gave. The judgment of the City Court is affirmed.