# Alabama Great Southern Railroad Co. v. Roach.

*Action against a Railroad Company by Employé to recover Damages for Personal Injuries.*

1. *Action against railroad company for personal injuries; sufficiency of plea of contributory negligence.*—Where, in an action against a rail-

[Alabama Great Southern Railroad Co. v. Roach.]

road company by an employé to recover damages for personal injuries, the complaint alleges that the plaintiff was employed by the defendant to inspect cars, that it was necessary, in the discharge of his duties, for him to go under the cars, and that while under a car in the performance of his duties, a switch foreman, who had control of an engine and cars. negligently allowed said engine and cars to run against the cars which plaintiff was inspecting,thereby causing the injuries complained of,and that such foreman negligently failed to have a watchman on the lookout,in order to give signals,a plea in such action, which avers that plaintiff, at the time of the accident, was working on a car in the night time on a side track in the defendant's yard, and failed to put out signals or to give any one notice of his presence under said car, although he knew that cars were being switched in the yard, and that one would probably be driven against the car on which he was working, sufficiently pleads the defense of contributory negligence, without the additional averment, that the danger incurred by the plaintiff was obvious.

2.  *Same; right of employé to presume other employés will perform their duty, does not exempt him from prudence.*—While an employé has the right to presume that the other employés of their common employer will perform their duty, such presumption will not exempt said employé from responsibility for his own negligence; and where he does an act, which he knows, or by the exercise of due care could know, would probably result in his injury, by voluntarily incurring such risk, he becomes guilty of contributory negligence which will preclude his recovery for injuries inflicted while in the performance of such act.

3.  *Same; evidence of custom and usage as to violation of rules of railroad company.*—To establish abrogation of a reasonable rule, which has been adopted and promulgated by a railroad company for the protection of its employés and property, and thereby to relieve an employé from the imputation of contributory negligence in failing to observe such rule, on the ground that it had been habitually disregarded by the company's employés, it must be clearly shown that the violation of such rule had been of such frequent and long continued occurrence,which was known to and acquiesced in by the officers of the company, authorized to act for and to bind it, as to raise clearly the just presumption that such officers, and the company through them, had assented to its disuse.

4.  *Same; competent for plaintiff to exhibit his injury.*—On a trial of an action brought against a railroad company by an employé to recover damages for personal injuries, it is admissible for the plaintiff to exhibit to the jury the injury itself; the extent of the injury and damages sustained being one of the questions at issue, and the injury itself throwing light upon this inquiry.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. THOMAS R. ROULHAC.

The appeal in this case is prosecuted by the defendant in the court below from a verdict and judgment for the plaintiff assessing his damages at $4,000    All the facts necessary for a proper understanding of the decision on this appeal are sufficiently stated in the opinion.

SMITH & WEATHERLY, for appellant.—1.    Appellee, at the time of his injury placed himself in an obviously dangerous position, in a place which was dangerous *per se*, without necessity therefor, and failed while in such position to give due attention to his own safety, and is not entitled to· recover.—*Andrews v. R. R. Co.*, 99 Ala. 438; *Davis v. R. R. Co.*, 18 So. Rep. 173; *George v. M. & O. R. R. Co.*, 19 So. Rep. 784; *R. R. Co. v. Stutts*, 106 Ala. 368; *R. R. Co. v. Turvaville*, 97 Ala. 122; *R. R. Co. v. Boland*, 96 Ala. 626; *Cunningham v. R. R. Co.*, 17 Fed. Rep. 882; *Pryor v. L. & N. R. R. Co.*, 90 Ala. 32; *Warden v. L. & N. R. R. Co.*, 94 Ala. 277; *Lynch v. R. R. Co.*, 34 N. E. Rep. 1072; *R. R. Co. v. Kitchens*, 83 Ga. 83; *Renfro v. R. R. Co.*, 86 Mo. 302; *Whitmore v. R. R. Co.*, 41 Amer. & Eng. R. R. Cases, 330; *Cypher v. R. R. Co.*, 24 Atl. Rep. 225; *Oleson v. R. R. Co.*, 38 Minn. 412; *Spencer v. R. R. Co.*, 130 Ind. 181.

2.    Having placed himself in an obviously dangerous position, he can not justify his disobedience of the rule of the company by proving that it was the custom of employés to violate the rule.—*R. & D. R. R. Co. v. Hissong*, 97 Ala. 187; *R. R. Co. v Graham*, 94 Ala. 545; *Free v. R. & D. R. R. Co.*, 97 Ala. 231; *Thomason v. R. & D. R. R. Co.*, 99 Ala. 471; *O'Neill v. R. R. Co.*, 45 Iowa 546; *R. R. Co. v. Wallace*, 76 Texas, 636; *Prather v. R. R. Co.*, 80 Ga. 427; and authorities *supra*.

3.    There were two ways of doing this work—one was the proper and safer way, towit, to have proper signals to give warning; the other was an improper and unsafe way, towit, to go under the car without signals of any kind.    Appellee chose the improper and unsafe way, and, having been hurt in consequence, he can not recover.—*R. R. Co. v. Orr*, 91 Ala. 548; *R. R. Co. v. Walters*, 91 Ala. 435; *R. R. Co. v. Holborn*, 84 Ala. 133; *R. R. Co. v. Graham*, 94 Ala. 545; *R. R. Co. v. George*, 94 Ala. 199.

4.    Appellee was guilty of proximate contributory negligence, and is not entitled to recover.—Authorities

*supra; North Bir. St. R. Co. v. Calderwood*, 89 Ala. 247.

LANE & WHITE. *contra*.—1. The third plea, as first amended, was insufficient, and the demurrers thereto were properly sustained. Said plea nowhere states that it was obviously dangerous for plaintiff to go underneath the cars, nor does it state that it was the duty of plaintiff before going under the car to put out signals or to inform himself as to precautions taken by other employés of the defendant. The plea ignores the statutory rule of law that a railroad employé may assume that his co-employés will discharge their duties.—*K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 249.

2. The second assignment of error is not well taken. The fourth plea is very indefinite. It states that the defendant has promulgated certain rules governing car inspectors, which rules had been called to the attention of plaintiff, &c. Now, when were the rules promulgated, and when were they called to the attention of the plaintiff? For aught the court may know they were promulgated after the accident, and they may have been called to plaintiff's attention before they were promulgated and before they were in force. And taking the pleading most strongly against the pleader such would be the natural inference.—*Coal City C. & C. Co. v. Hazzard Powder Co.*, 19 So. Rep. 392. It is not sufficient to have promulgated the rules. "It is equally binding on them to honestly and faithfully require their observance."—*R. & D. R. R. Co. v. Hissong*, 97 Ala. 191.

COLEMAN, J.—The action is in case, brought by the appellee, Roach, to recover damages for personal injuries. Although the assignments of error are very numerous, a few principles are determinative of all questions material to the case.

The court sustained a demurrer to plaintiff's third plea, as amended, which set up the defense of contributory negligence. The ruling of the court sustaining a demurrer to this plea is assigned as error. The complaint avers that plaintiff was an employé of the defendant, "whose duty it was to inspect cars of the defendant to test their fitness for use; and, to perform this duty, it was necessary to go underneath the cars; and while

engaged in such employment * * * in the yard limits, where such inspection usually took place, * * * one Cherry, the defendant's switch foreman, who had control of an engine and cars of defendant, negligently ran the engine and cars against the car he was inspecting, and inflicted the injury, and negligently failed to have a watchman on lookout on the end of said box car towards where the plaintiff was, whose duty it was to have such signal or lookout, to give the engineer a signal that there was an obstruction on the track," &c. The plea avers that the car being inspected by the plaintiff was on a side track; that it was dark; and that it was difficult or impossible for the plaintiff to be seen or discovered; "and that plaintiff knew, or in the exercise of due care ought to have known, that the switching of trains of cars was going on in the said yard limits, and that cars or a train of cars would probably be switched or run at any moment upon the side track where he then was at work. Nevertheless, plaintiff did not put out any light or other signal on or about said car where he was at work, to notify persons in charge of such switching or trains of his presence under or about said car on said side track, and without being aware that any proper precaution had been taken or used by any employé of the defendant * * * to warn persons in charge of such switching cars or trains of his presence under or about said car," &c. The argument that the plea is insufficient as a plea of contributory negligence to the complaint is, *first*, that it fails to aver that the danger incurred by the plaintiff "was obvious"; and, *second*, that plaintiff had a right to rely upon the presumption that plaintiff's employers would do their duty in having a watchman or lookout to discover the obstruction on the track, and signal the engineer in charge of the switching train. Had the pleader, after stating the facts constituting the alleged negligence of the plaintiff, further averred, as a conclusion, that the danger thereby incurred "was obvious," such additional averment would have added nothing to the force or sufficiency of the facts stated. The plea, in substance, states that the plaintiff at night, when he could not be seen, without putting out signals to give notice of his presence, and without the precaution of ascertaining that one knew of his presence who might give notice to approaching trains of his presence and position, put

himself under a car on a side track, at a time and place when he knew that cars were being switched on the side track, and "probably" a car would be switched or run upon the side track where he was at work. In other words, appellee's contention is, that if a person does an act which he knows, or could know by the exercise of due care—a care which, by reason of his employment and duty to be performed, he is called upon to exercise —will "probably" result in his injury, he may yet run such risk voluntarily without being guilty of contributory negligence. We do not understand such to be the law; nor do we understand the law to be that the right of one employé to presume that other employés will do their duty will exempt him from responsibility for his own negligence. In the case of *Railroad Co. v. Mothershed*, 97 Ala. 261, 268, we declared the law in such cases to be that one employé has no more right to presume that another employé will do his duty than such other has the right to presume that he will perform his duty, and where both are guilty of negligence, which contributed to their own injury, in such cases neither can recover. The plea presented a good defense to the action laid in the complaint, independent of any rule of the company, and the court erred in sustaining a demurrer to it.

The defendant, as a further defense, by plea No. 4, averred that plaintiff violated rules 381 and 38, and thus negligently contributed to his own injury. Rule 381 is as follows: "When inspecting or making repairs to cars, they must protect themselves by placing a blue signal on each end of the car or train, as per rule 38." Rule 38: "A blue flag by day, and a blue light by night, placed on the end of a car, denotes that car inspectors are at work under or about the car or train," etc. The plaintiff seeks to avoid the effect of a violation of these rules upon the ground that the defendant had waived or had abandoned them, as regulations to be observed and obeyed by its employés and car inspectors. There is no doubt that a person or company having authority to establish rules for the government of employés may in any particular instance waive obedience to the rules, or may knowingly acquiesce in a disregard of the rules so continuously and for such a length of time as to justify the inference that they are no longer in force, and that

obedience will not be required. This is the principle intended to be declared in the cases of *Hissong*, 97 Ala. 191, and *Richardson*, 100 Ala. 232, cited by appellee; but these decisions go no further. No evidence was offered which tended to show any special waiver of the rules, for the purpose of authorizing the plaintiff to dispense with the use of the signals at the time and place where he was injured. There seems to be some confusion in regard to the law of "custom and usage," and the doctrine of acquiescence on the part of the principal in the continuous violation of rules, by those for whose protection and government they were established. In the case of *Railroad Co. v. Graham*, 94 Ala. 545, we held that "when a rule was clear and explicit, free from ambiguity and equivocation, evidence of usage and custom was inadmissible to vary or alter its terms." We cited with approval 2 Greenl. Ev., § 251, ''that the true office of a usage or custom is to interpret the otherwise indeterminate intention of parties to fix the meaning of words and expressions of doubtful or various senses.'' Many decisions of the State were also cited in support of the principle. Custom and usage of prudent persons and well regulated railroads may also be looked to in determining whether the use of any appliances or the doing of an act in a particular way, not obviously dangerous, is culpable negligence.—*Andrews v. Railroad Co.*, 99 Ala. 438; *Warden v. Railroad Co.*, 94 Ala. 277. But the custom and usage of prudent persons and well regulated railroads, acting independently of any rule regulating the matter, is never admissible to excuse or exempt from liability for the consequences of a violation of a rule reasonably and proper, adopted and promulgated by proper authority, for the protection of the person of employés, and the property of those adopting the rule; nor will custom and usage excuse the voluntary and unnecessary risk of an obvious danger, whether a rule exist or not When it is said that "custom and usage may be relied upon to excuse the violation of a rule" (*Andrews' Case, supra*, and others), it is merely the enunciation of the same principle we have already declared; that is, that a principal may knowingly acquiesce in or assent to a continuous disregard of rules established and promulgated, and for such a length of time

[Alabama Great Southern Railroad Co. v. Roach.]·

as to justify those for whom they were intended to consider that the principal has abandoned them, and that they have ceased to be binding. To justify this conclusion, it must satisfactorily appear that notice or knowledge of such disregard, by the persons for whom they were intended, has been brought home to the principal, or to some one whose duty it is to take action, and is authorized to bind the principal. The mere habit of the employé or person bound by the rule to disregard the rule, though done with the knowledge of any immediate superior less than the principal or person authorized to bind the principal by acquiescence or failure to object, will not be sufficient to justify the conclusion that the rules are no longer binding. Such knowledge on the part of the principal may be shown as in other cases where it is necessary to show notice, either by direct proof or by circumstances.

The greater portion of the rulings of the circuit court upon questions of evidence and instructions to the jury which are assigned as error have been disposed of, by the rules of law declared to be applicable to the case. The trial court was consistent in these rulings with the proposition involved in the sufficiency of the amended plea of contributory negligence, numbered 3, and in the fourth plea. These questions cannot be presented in the same way on another trial.

There was no error in permitting the plaintiff to exhibit his injured hand to the jury. The extent of the injury and damage sustained was one of the questions at issue, and the injury itself threw light upon this inquiry. We presume that if the plaintiff had testified to the loss of a hand, and the truth was that he had lost only a finger, the defendant would have the right to require the plaintiff to exhibit his hand.

Reversed and remanded.