# McLendon v. Grice.

*Action on Official Bond of Sheriff for Wrongful Levy.*

| 119 | 513 |
| 123 | 372 |
| 119 | 513 |
| 129 | 576 |
| 119 | 513 |
| 130 | 135 |
| 119 | 513 |
| 139 | 504 |

1. *Pleading; when proper plea presumed on appeal.*—Where neither the record proper, nor the judgment entry, show upon what issue the cause was tried, but the bill of exceptions recites that a special plea was filed, and shows that the matters urged by both parties and considered by the court, upon which the assignments of error are based, were such as could properly have been presented only under such special plea, the cause will be treated, on appeal, as having been tried on said issue.

2. *Error in excluding evidence, cured by subsequent admission.* Error in excluding the testimony of a witness is cured by the subsequent admission of the testimony of another witness establishing the fact sought to be proven by the excluded evidence.

[McLendon v. Grice.]

3. *Right to explain, limit, and contradict testimony by party offering it.*—The trial court may at any time before the evidence closes permit a party to correct, explain or limit his previously given testimony, or to rebut the effect of the testimony of one of his own witnesses, although he thereby contradicts his own previous testimony.

4. *Statements of third persons; admissibility of.*—Where a mortgage is assailed as fraudulent, in that the alleged consideration, or loan of money, was simulated, and evidence of the insolvency of the borrower is introduced to show that the lender would not have made the loan, it is permissible for the lender to prove the statement of the borrower at the time of the loan to the effect that he had certain assets out of which he could meet the loan.

5. *Sale in payment of debt.*—It is not error to instruct the jury, that if goods were received by a creditor in absolute payment, or part payment, of a *bona fide* debt, not less in amount than the fair market value or the goods, and if no benefit was reserved to the debtor, the sale was valid.

6. *Sale in payment of usurious debt.*—The mere fact that at the time the debt was contracted the debtor agreed to pay usurious interest, does not vitiate a subsequent sale of property in payment of the debt, when the debt, without any usurious interest, is greater than the value of the property sold. It is only when usurious interest is included and allowed in order to swell the amount of the debt so that it will equal or approximate the value of the property that the transaction will be declared fraudulent on account of the usury.

APPEAL from Henry Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

The facts are stated in the opinion. The court, at the request of the plaintiff, gave to the jury the following written charge: "If the jury believe, from the evidence, that Lanier owed Grice an honest debt, equal to the value of the goods sold, and that the goods were sold at a fair price and no interest was reserved to Lanier, then the jury must find for the plaintiff." The court refused the following charge requested by defendants: "If the jury are reasonably satisfied, from the evidence, that at the time Grice sold the goods and advanced the money to Lanier that it was agreed between Grice and Lanier that Lanier should pay on the price of said goods so sold and the money so loaned 2½ per cent. per month on the same, then said transaction was illegal, and Grice cannot recover in this action." There were verdict and

judgment for plaintiff. The defendants appeal and assign as error the rulings of the court upon the evidence as shown in the opinion, the giving of the charge requested by the plaintiff, and the refusal to give the charge requested by the defendants.

H. A. PEARCE, and G. L. COMER, for appellants, cited, *Waite & Co. v. Couch,* 75 Ala. 134; *Meyer & Bros. v. Cook,* 85 Ala. 417-421; *LeGrand & Hall v. Eufaula National Bank,* 81 Ala. 131; *Saltmarsh v. Tuthil,* 13 Ala. 390; *Peterson & Co· v. Steiner,* 108 Ala. 629.

ESPY & FARMER,, *contra,* cited, *Bell v. Kendell & Co.,* 93 Ala. 489; *Pollak v. Searcy,* 84 Ala. 259; *Ullman v. Myrick,* 93 Ala. 532; *Harris v. Russell,* 93 Ala. 39; *Lehman v. Greenhut,* 88 Ala. 478.

BRICKELL, C. J.—Neither the record proper nor the judgment entry in this cause shows upon what issues the cause was tried. The bill of exceptions, however, recites that a plea of the general issue and a special plea of justification under legal process were filed, and its whole tenor shows that the matters urged by both parties and considered by the court, upon which the assignments of error are based, were such as could properly have been presented only under the special plea of justification. On the authority of *Brinson v. Edwards,* 94 Ala. 451, a precisely similar case, the cause will be treated as having been tried on said issue.

The action was instituted by appellee against appellant and the sureties on his official bond, as sheriff, to recover damages for the wrongful levy of a writ of attachment, sued out against one Lanier, upon a stock of goods which plaintiff claims to have purchased from Lanier a few days before the attachment was sued out, at a valuation of $631.61, in part payment of a past indebtedness of a greater amount. A part of this indebtedness, amounting to $612, was secured by two mortgages upon the same stock of goods, executed at different times, to secure a loan of different sums aggregating said amount, which mortgages were recorded within a day or two after their execution. At the time of the transaction plaintiff and Lanier were engaged in business in adjoining buildings, and Lanier, in addition

to his mercantile business, conducted a pool table, the entire business being under the management of his clerk, J T. Windsor, Lanier himself being absent most of the time. After the alleged purchase, plaintiff employed Windsor to continue to manage his business as before, the goods not being removed until seized, a few days after the sale, by the sheriff. The evidence tended to show that plaintiff was largely indebted at the time he claims to have made the loans to Lanier, and that the latter had no property besides the stock of goods, so far as plaintiff knew, to which he could look for payment, except a claim which Lanier told him he had against a railroad company.

If there was any error in excluding the question propounded to plaintiff on cross-examination as to whether, after his purchase of the stock of goods, and the employment of Windsor, the latter "did not continue to look after the pool table in connection with the goods, just as he had previously done," the error was cured by the subsequent admission of the testimony of Windsor, which answered affirmatively the question excluded. *A. G. S. R. Co. v. Frazier*, 93 Ala. 45; *Eastis v. Montgomery*, 93 Ala. 293. The trial court may at any time before the evidence closes permit a witness to correct, explain or limit his previously given testimony, or to rebut the effect of the testimony of one of his own witnesses, although he thereby contradicts his own previous testimony. Hence it was not error to permit plaintiff, who on direct examination had testified that he had made no trade with Lanier concerning the pool table, to state in rebuttal, after evidence had been offered tending to show that there had been some trade made concerning the table, that Lanier told him the table belonged to a third person, but that he could use it until it was called for by the owner, and apply the income arising therefrom to the payment of the balance due on his indebtedness. It was no good ground of objection to the admission of this testimony that defendant was not allowed, on the examination in chief, to cross-examine plaintiff on the same subject, since he had every opportunity to cross-examine him after the admission of the testimony in rebuttal. Plaintiff was permitted to testify in rebuttal, in answer to a question propounded by his counsel, and against defendant's ob-

[McLendon v. Grice.]

jection, that at the time he loaned to Lanier the sum of $450 the latter told him that "the Ala. Mid. Railway Co. owed him the money and that he would be able to pay him when the note became due." In view of the theory of the defense that the indebtedness of Lanier to plaintiff was simulated, and of that tendency of the evidence, brought out by defendant, which would justify an argument based upon the improbability of plaintiff's lending so large a sum to one who had no other property or means of payment except the small stock of goods, upon which he already held a mortgage, the testimony objected to was admissible as tending to explain away this improbability. It was not, of course, admissible to show the fact of the railroad company's indebtedness to Lanier, but only for the purpose stated.

The charge given by the court at the request of the plaintiff was evidently intended to assert the proposition that if the goods were received by plaintiff in absolute payment or part payment of a *bona fide* debt, not less in amount than the fair market value of the goods, and if no benefit was reserved to Lanier, the sale was valid. There was no error in the instruction. The charge requested by defendant was properly refused. The mere fact that, at the time the indebtedness of Lanier to plaintiff was created, the former agreed to pay usurious interest, did not vitiate the subsequent transaction resulting in the sale of the goods. The testimony shows that the debt without any usurious interest was greater than the value of the stock of goods, and it is only when usurious interest is included and allowed in order to swell the amount of the debt so that it will equal or approximate the value of the property, that the transaction will be declared fraudulent on account of the usury.—*Harris v. Russell*, 93 Ala. 59; *Lehman v. Greenhut*, 88 Ala. 478. Let the judgment be affirmed.

Affirmed.