# Vickers *v.* The State.

*Assault.*

(Decided Feb. 9, 1911. 54 South. 496.)

1. *Criminal Law; Election; Necessity.*—Where the affidavit charged an assault, but did not charge an assault on a particular person, and the undisputed evidence disclosed that the defendant committed an assault on the husband of Minnie Lageer, but the evidence was in conflict as to an assault upon Minnie Lageer herself, no election was required and the defendant could be convicted for assaulting the husband.

2. *Assault and Battery; Indictment; Variance.*—Although the warrant charged an assault and battery, and the evidence disclosed a simple assault, it was not error for the court to instruct a finding of guilt with hypothesis, since such charge did not require a conviction of assault and battery, but was equally applicable to the lesser offense charged.

APPEAL from Dale Circuit Court.

Heard before Hon. A. H. ALSTON.

Riley Vickers appeals from a conviction of assault. Affirmed.

J. E. Z. RILEY, for appellant. The judgment of conviction should be reversed and remanded upon the following authorities: *Parish v. The State,* 139 Ala. 51; *Taylor v. The State,* 121 Ala. 24.

ROBERT C. BRICKELL, Attorney General, for the State.

ANDERSON, J.—While there was a conflict in the evidence as to whether or not the defendant committed

an assault and battery on Minnie Lageer, yet the undisputed evidence showed that he assaulted her husband, that he got after him with an iron rod, within a few feet, and caused him to flee.—*Wilson v. State,* 99 Ala. 194, 13 South. 427. The affidavit did not charge an assault on any particular person, and an election was not required as to the assault on the wife, and defendant could be convicted for assaulting the husband. There was no battery on the husband, but the general charge given, at the request of the state, did not require a conviction for an assault and battery, but instructed merely a verdict of guilt with hypothesis.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.