# Toney *v.* The State.

### *Violating Prohibition Law.*

(Decided April 23, 1914.  65 South. 92.)

1. *Criminal Law; Former Conviction; Disposition of Plea.*— Where a plea of not guilty and former conviction are interposed, and are at issue, a general verdict of guilty is ont responsive to the special plea of former conviction, and a failure of the verdict to respond to such plea is fatal to the same.

2. *Same; Trial of Plea.*—The better practice is to require a disposition of a special plea of former conviction, before taking up the trial on the merits under the plea of not guilty; but in a misdemeanor case, if defendant proceeds to trial on both pleas without objection, he waives the irregularity of not having the plea of former conviction first disposed of.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Willis Toney was convicted of violating the prohibition laws, and he appeals.  Reversed and remanded.

[Toney v. The State.]

The defendant set up by proper plea that he had been convicted in the municipal court of the town of Clayton on charges preferred against him by said town for violating the prohibition laws, and that the violation for which he was convicted before the recorder of said town is the same identical act for which the state is now charging him. The state replied in substance that, at the time he was convicted in the recorder's court, there was pending against him in the justice court of B. F. Kennedy a prosecution for the offense for which he is now being tried, and that, after hearing the same, the justice had committed him to await the action of the grand jury, and that the prosecution was commenced in the said mayor's court at the instance and request of defendant, and for the purpose of avoiding and evading this particular prosecution.

WINN & WINN, for appellant. The proceedings were void for lack of jurisdiction.—*Ex parte State ex rel. Long,* 87 Ala. 46; *Ex parte Reynolds,* 87 Ala. 138; Sec. 7585, Code 1907. The failure of the jury to find a verdict responsive to the special plea of former conviction will work a reversal.—*Dominick v. State,* 60 Ala. 78; *Barbour v. State,* 151 Ala. 64; 139 Ala. 33. The conviction in the municipal court was a complete defense.— Sec. 1222, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The record in this case shows that, upon the arraignment and trial of the defendant, he entered two pleas, one of former conviction, and another of not guilty, to the charge preferred against him. The state filed a replication to the plea of former conviction, setting up that the alleged conviction relied upon was

[Toney v. The State.]

obtained by collusion and fraud, and took issue on the plea of not guilty. The case was submitted to the jury upon both pleas at the same time. The verdict of the jury was a general verdict of guilty, and not responsive to the plea of former conviction, but only to the plea of not guilty. The defendant was entitled to a responsive verdict on his plea of former conviction, and a failure to accord him this right must work a reversal.—*Spraggins v. State,* 139 Ala. 93, 35 South. 1000; *Moody v. State,* 60 Ala. 78; *Dominick v. State,* 40 Ala. 680, 91 Am. Dec. 496; *Davis v. State,* 136 Ala. 129, 33 South. 818.

The judgment entry shows that the defendant first interposed a plea of former conviction, and the better practice is for the court to require the special plea to be first passed upon before entering upon the trial on the merits under the plea of not guilty, although if the two pleas are tendered together, and the defendant, in a misdemeanor case, proceeds to trial on both pleas together without objection, he waives the irregularity and cannot take advantage of it if the jury pronouced on both pleas.—*Barber v. State,* 151 Ala. 56, 43 South. 808; *Reynolds v. State,* 1 Ala. App. 24, 55 South. 1016. In this case the principal question at issue before the court arose on the defendant's plea of autrefois convict, and the issue tendered under the state's replication thereto. There was evidence introduced in support of these issues, and the verdict rendered is in no way responsive to such issue. Under such circumstances, the defendant was denied a material right in not having his plea of former conviction passed upon by the jury.—See authorities cited in the first paragraph of this opinion.

Reversed and remanded.