# Toney *v.* The State.

### Violating Prohibition Law.

(Decided June 30, 1916. Rehearing denied August 1, 1916.
72 South. 508.)

1. **Criminal Law; Former Jeopardy; Plea; Waiver.**—While it is proper that the plea of former jeopardy should be interposed prior to the plea of not guilty, and the two should be tried separately, yet if, in a misdemeanor case, defendant interposes both, and without objection proceeds to trial on both, he waives the irregularity, and if the jury pronounces upon both, he cannot take advantage of it.

2. **Appeal and Error; Review; Presumption.**—If, from the condition of the record, the bill of exceptions cannot be looked to, to explain the entire conduct of the cause, it may be presumed, the judgment entry showing only joinder of issue on the plea of not guilty, that issue was not joined on the plea of former jeopardy.

3. **Criminal Law; Preliminary Hearing; Defects; Final Trial.**—On the final trial under an indictment regular in form, defects in the original warrant and affidavit in the preliminary proceedings are not available.

4. **Same; Former Jeopardy; Collusion.**—If a conviction in the municipal court has been procured by fraud and misrepresentation or collusion of defendant, such conviction does not bar a prosecution by the state.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

William Toney was convicted of violating the prohibition law, and he appeals. Affirmed.

[Toney v. The State.]

WINN & WINN, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The bill of exceptions set out in the record discloses that upon arraignment and trial the defendant entered a plea of former conviction, and another of not guilty. The state replied to the plea of former conviction, averring that said conviction in the municipal court was obtained by collusion and fraud to evade and defeat the state prosecution, and took issue on the plea of not guilty. The case, by consent of the state and defendant, was submitted to the jury upon the pleadings as framed without objection to form. These matters are shown only by recitals in the bill of exceptions. The judgment entry does not show that the defendant first interposed a plea of former conviction.

(1, 2) It is insisted that the cause should be reversed because the issues were jointly submitted to the jury, and the verdict was one of guilty, and not responsive to the plea of former conviction. While it is true that a plea of former conviction and of not guilty should not be interposed at the same time, yet, if the defendant in a misdemeanor case interposes both pleas and without objection proceeds to trial on both, he waives the irregularity, and if the jury pronounce on both pleas, he cannot take advantage of it.—*Barber v. State,* 151 Ala. 56, 64, 43 South. 808; *Toney v. State,* 10 Ala. App. 220, 65 South. 92. The judgment entry in this case recites a verdict upon the plea of not guilty only. The plea of former conviction and the replication thereto are, however, set out in the record. The bill of exceptions recites that separate verdicts were rendered on each issue; both being separately found against the defendant, the verdict on the plea of former conviction being returned, and that issue determined before submitting the issues on the merits under the plea of not guilty. If, in the condition of the record, we may not look to the bill of exceptions to explain the entire conduct of the cause, then we may presume that issue was not joined on the special pleas. —*Jackson v. State,* 142 Ala. 55, 37 South. 920. In *Dannelley v. State,* 130 Ala. 132, 134, 30 South. 452, 453, the court said: "The record proper of the trial court as shown in the transcript before us contains and sets forth three pleas, viz. not guilty, former conviction, and former jeopardy. The judgment entry recites that 'issue being joined on defendant's plea of not guilty, came a

jury,' etc. The bill of exceptions affirmatively states that issue was joined on each of said pleas, and shows that the trial was really had upon the pleas of former conviction and former jeopardy, the state not only not objecting thereto, but in fact aiding the defendant by admissions of fact tending to establish these special pleas. The judgment entry, though reciting issue joined on the plea of not guilty and not reciting the joinder of issue upon the special pleas, does not negative the joinder of issue upon the latter, and the recital it contains manifestly may be true, and yet it may also be true that issue was joined on the special pleas. Hence it cannot be said that the statement of the bill of exceptions that issue was joined on the special pleas, nor the whole course of the trial as set forth in the bill of exceptions showing that the only issues really litigated were those presented by the special pleas, contradicts the recital of the judgment.entry. The matter is to be regarded rather as a mere omission of the entry to recite all the issues made in the case. And on this state of the record before us, the case is to be considered here upon the assumption that issue was joined on each of the pleas.—*Brinson v. Edwards*, 94 Ala. 447 [10 South. 219]; *Richmond & Danville Railroad Co. v. Farmer*, 97 Ala. 141 [12 South. 86]; *Andrews v. Birmingham Mineral Railroad Co.*, 99 Ala. 438 [12 South. 432]; *Comer & Co. v. Way & Edmundson*, 107 Ala. 300 [19 South. 966, 54 Am. St. Rep. 93]; *McLendon v. Price*, 119 Ala. 513 [24 South. 846]."

(3, 4) Under the defendant's theory, much weight is apparently placed on the question whether or not the original warrant and affidavit were of sufficient validity to constitute "a commencement" of the prosecution.. These defects in the preliminary proceedings were not available on the final trial had under an indictment in regular form.—*Wilson v. State*, 99 Ala. 194, 13 South. 427. Whether or not the preliminary proceedings had been commenced in proper form, or.had proceeded far enough to constitute jeopardy, the proof in support of the state's replication to the defendant's plea of former jeopardy shows without conflict that the conviction before the mayor, relied upon by the defendant as the basis of his plea of former jeopardy, was instituted at the instance of the defendant for the fraudulent purpose of defeating the state's prosecution against him, and, having been procured by fraud and misrepresentation, or collusion of the defendant, could not constitute a bar to the state's prosecution.—*Moore v. State*, 71 Ala. 307; *Hollis v. State*, 123 Ala. 74,

[O'Rear v. The State.]

26 South. 231; *Watkins v. State,* 68 Ind. 427, 34 Am. Rep. 273.
We find no error in the record.
Affirmed.
   (Ed. Note—This case was reviewed by the Supreme Court,
and affirmed.—See *Ex parte Toney,* 197 Ala. 703, 73 South. 13.)