Willie Samuel Russell, Jr., petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to rescind its writ of mandamus directing the Tuscaloosa Circuit Court to reinstate two misdemeanor traffic cases it had dismissed. We deny the petition.
On October 3, 1991, an automobile driven by Willie Samuel Russell, Jr., collided in Tuscaloosa, Alabama, with an automobile owned and operated by the City of Tuscaloosa Police Department. Russell was promptly arrested, and prosecutions were initiated pursuant to (1) a Uniform Traffic Ticket and Complaint ("UTTC") charging him with the misdemeanor offense of driving while under the influence of alcohol ("DUI"); (2) a UTTC charging him with the misdemeanor offense of driving a vehicle while his driver's license was revoked ("DRL"); and (3) a complaint signed by Officer S.L. Stimpson charging him with the felony offense of leaving the scene of an accident involving personal injury, as prohibited by Ala. Code 1975, §§ 32-10-1(a) and -6.
On November 18, 1991, a Tuscaloosa County grand jury considered and rejected the felony count, indicting Russell, instead, on the charge of "attempt[ing] to fail to . . . stop at the scene of the . . . accident" — a misdemeanor offense as defined by § 13A-4-2(d)(4). In February 1992, Russell was convicted on the charges of DUI and DRL. He appealed those convictions to the Tuscaloosa County Circuit Court.
By October 23, 1992, Russell had been tried in the Tuscaloosa County District Court and there acquitted of the misdemeanor offense charged in the indictment. On that date, he moved the circuit court to dismiss the cases involving the DUI and DRL
charges, contending that the court lacked subject-matter jurisdiction of the appeals in those cases. The circuit court agreed with Russell, and, on March 9, 1993, dismissed those cases.
The City of Tuscaloosa ("the City") petitioned the Court of Criminal Appeals for a writ of mandamus directing the circuit court judge to vacate his judgment of dismissal and reinstate the cases. The Court of Criminal Appeals, with an opinion, granted the City's petition. Ex parte City of Tuscaloosa,636 So.2d 692 (Ala.Crim.App. 1993).
In seeking from this Court a writ of mandamus directing the Court of Criminal Appeals to rescind its writ of mandamus, Russell contends that the circuit court's action was mandated by Ala. Code 1975, § 12-11-30(2), which, he insists, vested in the circuit court exclusive original jurisdiction of the DUI and DRL cases. Although the parties invite us to discuss a number of interesting *Page 965 
questions tangentially related to this case, we confine our attention to the issue that, in our view, resolves this dispute, namely, the effect of the grand jury's indictment on the offense charged in Officer Stimpson's complaint, within the context of § 12-11-30(2).
Section 12-11-30(2) provides in pertinent part: "The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge. . . ." (Emphasis added.) See also Ala.R.Crim.P. 2.2(a). Russell contends that the charge made in Officer Stimpson's complaint, and on which the arrest warrant was based, constituted a "felony charge" within the meaning of this section. He insists that the DUI and DRL charges "[arose] from the same incident as [the] felony charge" and, consequently, that the circuit court, rather than the municipal court, had exclusive original jurisdiction of the DUI and DRL charges. He then reasons that because the circuit court had exclusive original jurisdiction, that court did not acquire jurisdiction on appeal after the cases had been, erroneously he contends, prosecuted in the municipal court.
Russell's reasoning is based on the proposition that the complaint charging the commission of a felony offense irrevocably invoked the exclusive original jurisdiction of the circuit court. In effect, he insists that the grand jury's action, which reduced the felony charged in the complaint to a misdemeanor, was inconsequential. For the following reasons, we disagree with this proposition.
A complaint instituting a criminal prosecution and authorizing an arrest is "superseded" by the subsequent return of an indictment addressed to the same set of operative facts. See Ala.R.Crim.P. 7.6(a). In such cases, a party is "tried on the charge in the indictment and not on the warrant of arrest or its supporting affidavit." Henry v. State, 57 Ala. App. 383,388, 328 So.2d 634, 638 (Ala.Crim.App. 1976) (emphasis added). Cf. Wilson v. State, 99 Ala. 194, 195, 13 So. 427, 427 (1893) (an indictment returned in proper form cures defects in an antecedent charging instrument); Toney v. State, 15 Ala. App. 14,16, 72 So. 508, 509 (1916) (same); cf. also Hansen v.State, 598 So.2d 1, 2 n. 1 (Ala.Crim.App. 1991) (an indictment supersedes antecedent indictments); Broadnax v. State,54 Ala. App. 546, 549, 310 So.2d 265, 268 (Ala.Crim.App. 1975).
Under these rules, the complaint, the original instrument charging the felony of leaving the scene of an accident, wassuperseded by the subsequent indictment containing the misdemeanor charge of attempting to leave the scene of an accident. In other words, the original charging instrument wasnullified by the indictment, which was returned on November 18, 1991. When Russell was tried in the municipal court in February 1992 for DUI and DRL, no felony charge was pending; therefore, the exclusivity provision in § 12-11-30(2) was not triggered. The circuit court clearly possessed jurisdiction over those two cases when Russell appealed for a trial de novo, and it erred in dismissing them.
As we stated in Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984):
 "A petitioner is entitled to a writ of mandamus if there is a showing of a clear legal right to the order sought, an imperative duty upon the respondent to perform, accompanied by a refusal to do so, a lack of another adequate remedy, and a proper invocation of the jurisdiction of the court."
The City made such a showing in support of its petition to the Court of Criminal Appeals and that court properly issued the writ of mandamus directing the Tuscaloosa Circuit Court to reinstate the cases involving the DUI and DRL charges. Russell is not entitled to a writ of mandamus directing the Court of Criminal Appeals to rescind its writ of mandamus. Therefore, we deny the petition.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 966