KELLUM, Judge.
The State of Alabama appeals the trial court’s granting, of David Todd Stephens’s *136 pretrial motion to dismiss, on double-jeopardy grounds, an indictment charging him with abuse of a corpse, a violation of § 13A-11-13, Ala.Code 1975.
On January 4, 2009, Stephens killed his ex-wife, Tonya Stephens (“Tonya”), in her home in Hale County. After he had killed Tonya, Stephens put Tonya’s body in his pickup truck and drove to Pickens County, where he wrapped Tonya’s body in a blanket and buried- it on property owned by his father, David Stephens (“David”). Tonya was soon reported missing, and law enforcement, as well as David, suspected that Stephens was involved in Tonya’s disappearance. Ten days after Tonya’s disappearance, on January 14, 2009, David told Stephens that he was planning to allow cadaver dogs to search his property in Pickens County. Upon learning of the upcoming search, Stephens returned to the location he had buried Tonya, dug up Tonya’s body, partially dismembered the body, and then set the body on fee. Law enforcement arrested Stephens shortly after he had set the body on fee, and Stephens confessed his involvement in Tonya’s death to law enforcement.
In July 2010, Stephens was indicted in Hale County for one count of murder made capital because it was committed during the course of a burglary and one count of abuse of a corpse. The second count of the indictment, charging Stephens with abuse of a corpse, read:
“The Grand Jury of said county further charge that, before the finding of this indictment, DAVID TODD STEPHENS, whose name is unknown to the Grand Jury [sic], did knowingly treat a human corpse in a manner that would outrage ordinary family sensibilities, by taking the deceased, without proper burial and placing deceased in [an] unmarked grave, in violation of Section 13A-11-13 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C. 44; capitalization in original.) Before, during, and after his October 2013 trial in Hale County, Stephens argued that venue for the abuse-of-a-corpse charge was not proper in Hale County, but was proper in Pickens County, where, he argued, all the abuse of Tonya’s body occurred. The trial court overruled all of Stephens’s objections, finding that venue was a question of fact for the jury. The Hale County jury ultimately convicted Stephens of one count of manslaughter as a lesser-included offense to the murder charge and of one count of abuse of a corpse as charged in the indictment, and the trial court sentenced Stephens to 15 years’ imprisonment for the manslaughter conviction and to 10 years’ imprisonment for the abuse-of-a-corpse conviction.
This Court affirmed Stephens’s Hale County convictions in an unpublished memorandum issued on January 30, 2015. Stephens v. State (No. CR-13-1019), — So.3d - (Ala.Crim.App.2015) (table). The sole issue raised by Stephens in that appeal was whether venue of the abuse-of-a-corpse charge was proper in Hale County. Stephens argued to this Court that the abuse for which he had been convicted occurred on January 14, 2009, when he dug up Tonya’s body, partially dismembered the body, and set the body on fee— abuse that occurred entirely in Pickens County. This Court disagreed, noting specifically that Stephens had been indicted in Hale County for abusing Tonya’s corpse by burying it in an unmarked grave — not for digging it up, partially dismembering it, and setting it on fire — and that the act of abuse for which Stephens was convicted had begun in Hale County when Stephens put Tonya’s body in his truck and was completed in Pickens County when Stephens buried Tonya’s body. Because Ste *137 phens’s abuse of a corpse as charged in the Hale County indictment began in Hale County and ended in Pickens County, we held that pursuant to § 15-2-6, Ala.Code 1975, venue over the crime as charged in the indictment was proper in either Hale County or Pickens County.
In April 2012, while the Hale County charges were still pending, Stephens was indicted in Pickens County for one count of abuse of a corpse. The indictment read:
“The Grand Jury of said County charge that, before' the finding of this indictment, David Todd Stephens, whose name is otherwise unknown to the Grand Jury, did knowingly, treat a human corpse, to-wit: the corpse of Tonya Stephens, in a way that would outrage ordinary family sensibilities, in violation of Section 13A-llr13 of the Code of Alabama, AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.”
(C. 29; capitalization in original.)
On November 15, 2013, shortly after he was convicted in Hale County, Stephens filed in Pickens County a motion to dismiss the indictment against him charging abuse of a corpse, arguing that trying him in Pickens County for abuse of a corpse after he had already been convicted in Hale County of abusing the same corpse would violate double-jeopardy principles. After a hearing, the trial court denied the motion. On November 19, 2014, Stephens filed a second motion to dismiss the indictment, or, in the alternative, for a speedy1 trial, again arguing that trying him in Pickens County for abuse of a corpse when he had already been convicted in Hale County of the offense of abuse of a corpse for what he said was the same conduct would violate his right to be free from double jeopardy. The trial court held a hearing on the motion on November 20, 2014.
At the hearing, Stephens argued that “there has been only one abuse of a corpse that has occurred in this matter” and that he had already been convicted of that crime in Hale County. (November 20, 2014,- hearing, R. 3.) He also argued that because the State had asserted at his trial in Hale County that venue for the charge of abuse of a corpse was proper in Hale County based on the theory that the abuse of the corpse was a continuing offense that began in Hale County and ended in Pick-ens County, the State could not now assert in Pickens County the opposite — that venue of the charge of abuse of a corpse was proper in Pickens County, not Hale County, and was.not a continuation of events that began in Hale County.
The prosecutor argued, on the other hand, that Stephens had abused Tonya’s corpse on two separate and distinct occasions. First,, the prosecutor argued, Stephens abused Tonya’s corpse on January 4, 2009, by driving it from Hale County to Pickens County and burying it, the crime for which he was charged and convicted in Hale County. Second, the prosecutor argued, Stephens abused Tonya’s corpse again 10 days later, on January 14, 2009, when he dug it up, partially dismembered it, and set it on fire, the crime with which, the prosecutor said, Stephens was charged in Pickens County. Because Stephens committed the crime of abuse of a corpse on two different occasions, the prosecutor asserted, Stephens could be tried and convicted for both crimes without violating double-jeopardy principles. On July 2, 2015, the trial court issued an order granting Stephens’s motion to dismiss the indictment. The State timely filed a notice of appeal on July 9, 2015.
The Fifth Amendment to the United States Constitution protects a criminal defendant from being twice put in jeopardy for the same offense. “The Fifth *138 Amendment’s Double Jeopardy Clause protects against a second prosecution for the same offense after ah acquittal, a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.” Woods v. State, 709 So.2d 1340, 1342 (Ala.Crim.App.1997). “‘“Before the double jeopardy prohibition is triggered, however, it -must appear ... that the crimes arose out of the same act or transaction.’”” R.L.G., Jr. v. State, 712 So.2d 348, 359 (Ala.Crim.App.1997) (quoting State v. Snook, 210 Conn. 244, 261, 555 A.2d 390, 399 (1989), quoting in turn, State v. Amaral, 179 Conn. 239, 242, 425 A.2d 1293, 1296 (1979)). The Double Jeopardy Clause does riot prohibit prosecution, conviction, and punishment for discrete acts of the same offense. See Williams v. State, 104 So.3d 254, 257 (Ala.Crim.App.2012). As the New Mexico Supreme Court succinctly explained in Swafford v. State, 112 N.M. 3, 810 P.2d 1223 (1991):
“Clearly, if the defendant commits two discrete acts violative of the same statutory offense, but separated by sufficient indicia of distinctness, then a court may impose separate, consecutive punishments for each offense. Thus, for example, the double jeopardy clause does not bar separate convictions and sentences for two thefts from the same victim committed on separate days, even though the statutory offenses are identical. The double jeopardy clause bars conviction and punishment only for the. same statutory offense based upon unitary conduct.”
112 N.M. at 13, 810 P.2d at 1233. See also State v. McGilton, 229 W.Va. 554, 565, 729 S.E.2d 876, 887 (2012) (“Multiple convictions are appropriate where a defendant performs separate acts that would support different violations of the same statute.”).
In determining whether a defendant’s conduct constituted the same act or transaction for purposes of double jeopardy, courts look to various factors.
“For example, in [State v.] Schoonover, [281 Kan. 453, 133 P.3d 48 (2006)], the Kansas Supreme Court set forth the following factors to be considered:
“ ‘[S]ome factors to be considered in determining if conduct is unitary, in other words if it is the “same conduct,” include: (1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct.’
“281 Kan. at 497, 133 P.3d at 79. Likewise, the Minnesota Supreme Court has held that ‘[fjactors considered when analyzing whether conduct is a single behavioral incident include “time and place ■ ,... [and], whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective.’” State v. Bertsch, 707 N.W.2d 660, 664 (Minn.2006) (quoting State v. Johnson, 273 Minn. 394, 404, 141 N.W.2d 517, 524-25 (1966)). New Hampshire also focuses on whether the acts are ‘ “sufficiently differentiated by time, location, or intended purpose.” ’ State v. Farr, 160 N.H. 803, 810, 7 A.3d 1276, 1282 (2010) (quoting Rashad v. Burt, 108 F.3d 677, 681 (6th Cir.1997)). See also Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000).”
Williams, 104 So.3d at 262. The United States Court of Appeals for the First Circuit examines “whether the crimes were different in place and time, whether there was common conduct linking the alleged offenses, whether the individuals involved
*139 in each offense were different, and whether the evidence used to prove the offenses differed.” United States v. Soto, 799 F.3d 68, 86-87 (1st Cir.2015). Similarly, the United States Court of Appeals for the Eighth Circuit has held that “[fjactors relevant to the inquiry are: the time interval between the successive actions; the place where the actions: occurred; the identity of the victim(s); the existence of an- intervening act; the similarity of the defendant’s acts; and the defendant’s intent at the time of his actions.” Velez v. Clarinda Correctional Facility, 791 F.3d 831, 835 (8th Cir.2015). See also State v. Bernard, 355 P.3d 831, 840 (N.M.Ct.App.2015) (“Herron v. State, 1991-NMSC-012, 111 N.M. 357, 805 P.2d 624 [(1991)], established the unit of prosecution indicia of distinctness ‘under the modern analysis.’ ... The Herron test consists of the following six factors: ‘(1) temporal proximity of the acts; (2) location of the victim(s) during each act; (3) existence of an intervening event; (4) sequencing of acts; (5) defendant’s intent as evidenced by his conduct and utterances; and (6) number of victims.’ ”); State v. Fore, 185 Or.App. 712, 717, 62 P.3d 400, 403 (2003) (“ ‘[Two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.’ ” (quoting State v. Fitzgerald, 267 Or. 266, 273, 516 P.2d 1280, 1280 (1973))); and People v. Rodarte, 190 Ill.App.3d 992, 1001, 547 N.E.2d 1256, 1261-62, 138 Ill.Dec. 635, 640-41 (1989) (“Factors to be considered in determining whether a defendant’s conduct constitutes separate acts or merely distinct parts of a single act are: (1) the time interval occurring between successive parts of the defendant’s conduct; (2) the existence of an intervening event; (3) the identity of the victim; (4) the similarity of the acts performed; (5) whether the conduct occurred at the same location; and (6) prosecutorial intent.”).
In this case, it is abundantly clear that Stephens committed two discrete acts of abuse of a corpse. Stephens committed one act or transaction of abuse of a corpse when he drove Tonya’s body from Hale County to Pickens County and buried’ the body in an unmarked grave. That act of abuse was completed as soon as Stephens buried the body, and that is the act of abuse for which Stephens was indicted, tried, convicted, and sentenced in Hale County. Ten days later, Stephens committed a second act or transaction of abuse of a corpse when he returned to the location where he had buried the body, dug up the body, partially dismembered the body, and set the body on fire. Although the location of both acts and the identity of the corpse involved in both acts was the same, the second act or transaction was separated in time from the first act or transaction by 10 days. The second act or transaction was also separated from ,the first act or transaction by intervening events, specifically, by the suspicions of law enforcement and Stephens’s father and by his father telling Stephens that cadaver dogs were going to search the property where Stephens knew Tonya’s, body was buried.
The first and second acts or transactions were also subject to proof by different evidence: To prove the first act or transaction, the State was required to prove that Stephens buried Tonya’s body in an unmarked grave, thereby depriving Tonya’s family of a proper burial. To prove the second act or transaction, on the other hand, the State will, not be required to prove that Stephens buried Tonya’s body; the State will be required to prove only that Stephens dug up Tonya’s body, that he partially dismembered it, and that he set it on fire. We recognize that the State *140 presented evidence during the Hale County trial of Stephens's separate and distinct actions in digging up Tonya’s body, partially dismembering the body, and setting the body on fire. However, such evidence was not essential to prove the elements of the crime of abuse of a corpse as charged in the Hale County indictment. It is also of no import to our double-jeopardy analysis that the State chose to present that additional evidence during the Hale County trial; it is a “basic, yet important principle that the introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct.” United States v. Felix, 503 U.S. 378, 387, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992).
We point out that Stephens argues on appeal that he has been charged in Pickens County for burying Tonya’s body in an unmarked grave, as well as for digging up the body, partially dismembering it, and setting it on fire — all as a single act of abuse of a corpse. Because he has already been convicted in Hale County of burying Tonya’s body in an unmarked grave, Stephens contends, he cannot again be tried in Pickens County for burying Tonya’s body. To support this argument, Stephens relies on the initial complaint filed in Pickens County charging him with abuse of a corpse. That complaint charged, in relevant part, that Stephens “buried Tonya Stephens, then dug her up, cut limbs, set fire to corpse.” (C. 22.) However, Stephens fails to recognize that
“[a] complaint instituting a criminal prosecution and authorizing an arrest is ‘superseded’ by the subsequent return of an indictment addressed to the same set of operative facts. See Ala. R.Crim. P. 7.6(a). In such cases, a party is ‘tried on the charge in the indictment and not on the warrant of arrest or its supporting affidavit.’ Henry v. State, 57 Ala.App. 383, 388, 328 So.2d 634, 638 (Ala.Crim.App.1976) (emphasis added [in Ex parte Russell ]). Cf. Wilson v. State, 99 Ala. 194, 195, 13 So. 427, 427 (1893) (an indictment returned in proper form cures defects in an antecedent charging instrument); Toney v. State, 15 Ala.App. 14, 16, 72 So. 508, 509 (1916) (same); cf. also Hansen v. State, 598 So.2d 1, 2 n. 1 (Ala.Crim.App.1991) (an indictment supersedes antecedent indictments); Broadnax v. State, 54 Ala.App. 546, 549, 310 So.2d 265, 268 (Ala.Crim.App.1975).”
Ex parte Russell, 643 So.2d 963, 965 (Ala.1994). The complaint in this case was superseded by the subsequent indictment; therefore, Stephens’s reliance on the complaint is misplaced.
The Pickens County indictment, as quoted above, tracked the language of § 13A-11-13, Ala.Code 1975, but did not specify the acts forming the basis of the Pickens County charge. However, the lack of such specific facts is not fatal to the State’s case against Stephens in Pickens County because the prosecutor made it clear at the hearing on Stephens’s second motion to dismiss that the State was prosecuting Stephens for his actions toward Tonya’s body on January 14, 2009, in digging up Tonya’s body, partially dismembering it, and setting it on fire, and not for his actions 10 days earlier in burying Tonya’s body in an unmarked grave.
“A plea of double jeopardy is unavailing unless the offense presently charged is the same in law and fact as the former one relied on under the plea.” Ex parte Godbolt, 546 So.2d 991, 994 (Ala.1987). See also Coleman v. State, 443 So.2d 1355, 1359 (Ala.Crim.App.1983) (“A plea of former jeopardy is without merit unless the offense presently charged is precisely the same in law and in fact as the former conviction relied on as the basis for the plea.”); and Williams v. State, 348 *141 So.2d 1113, 1115 (Ala.Crim.App.1977) (“A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea.”). In this case, the Pickens County indictment is the same in law as the Hale County indictment and conviction, as both charge Stephens with violating § 13A-11-13, Ala. Code 1975. However, it is clearly not the same in fact. See, e.g., State v. Arrington, 677 So.2d 1287 (Ala.Crim.App.1996). Stephens’s conviction in Hale County for abusing Tonya’s corpse by burying it in an unmarked grave on January 4, 2009, precludes the State from prosecuting Stephens again for that same act, but it does not preclude the State from prosecuting Stephens for digging up Tonya’s body, partially dismembering it, and setting it on fire on January 14, 2009 — acts that were clearly separate and distinct from burying the body. Therefore, the trial court erred in granting Stephens’s motion to dismiss the Pickens County indictment charging him with abuse of a corpse.
Based on the foregoing, the judgment of the trial court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.